In the matter of the application for letters of administration *ad prosequendum* to prosecute a suit alleged to have accrued by reason of the death of JOSEPH POST, deceased.

[Decided September 27th, 1918.]

1. The ordinary may, under his general jurisdiction, appoint an administrator *ad prosequendum* to prosecute a cause of action under the Death act (*2 Comp. Stat. p. 1907*), as supplemented by chapter 180 of the laws of 1917 (*P. L. 1917 p. 531*), where the deceased was non-resident.

2. *Lothrop's Case, 33 N. J. Eq. 246,* followed; *Chadwick's Case, 80 N. J. Eq. 471,* distinguished.

*89 N. J. Eq.*                    In re Post.

On petition, &c.

*Mr. Milton M. Unger,* for the application.

LANE, VICE-ORDINARY.

This is an application for the appointment of a special administrator or administrator *ad prosequendum* for the purpose of instituting a suit under the provisions of an act "An act to provide for the recovery of damages in cases where the death of a person is caused by wrongful act, neglect or default" (*2 Comp. Stat. p. 1907*), as supplemented by chapter 180 of the laws of 1917. *P. L. 1917 p. 531.* The deceased was a non-resident.

There has been no general administration in this state or elsewhere. Section 2 of the act (*2 Comp. Stat. p. 1908*) provides that every action under it "shall be brought by and in the names of the personal representative of such deceased person." Section 1 of the supplement (*P. L. 1917 p. 531*) provides that "every action, proceeding or claim brought, instituted or made under and by virtue of the remedy given by the act to which this is a supplement, shall be brought, instituted or made in the name of an administrator *ad prosequendum.*" The legislature has not seen fit to either amend or repeal section 2 directly. If the word "shall," in chapter 180 of the laws of 1917 is to be given its natural meaning, then a general administrator no longer may bring the suit, but it must be instituted by an administrator *ad prosequendum.* By chapter 181 of the laws of 1917 the surrogates are given power to grant letters of adminstration *ad prosequendum* upon the estates of those who die resident in their counties. The surrogates are without power to appoint such administrators in cases of non-residents.

Application is made to this court for the appointment under its ordinary jurisdiction.

In *Lothrop's Case, 33 N. J. Eq. 246,* the ordinary (Runyon) appointed an administrator *ad prosequendum* where the deceased was non-resident, resting his power upon the practice of the ecclesiastical courts in England and upon the case of *Coursen's Will, 4 N. J. Eq. 408,* holding that the powers of this court in granting letters of administration are not special or limited but

full and general. To the report of *Lothrop's Case* an interesting note is attached. *Lothrop's Case* has been cited in the supreme court in *Benson* v. *Wolf, 43 N. J. Law 78,* and with approval by the court of errors and appeals in *Davenport* v. *Davenport, 68 N. J. Eq.* (at *p. 615*), and by the court of chancery (Vice-Chancellor Garrison), *70 N. J. Eq.* (at *p. 658*). *Coursen's Case* was considered by the court of errors and appeals in *Chadwick's Case, 80 N. J. Eq. 471,* and it was there held that the jurisdiction of the ordinary was subject to legislative regulation, and construing together the legislation which now appears as sections 1 and 2 of "An act respecting the prerogative court and the power and authority of the ordinary" (*2 Comp. Stat. p. 1722*), the court held that the authority of the ordinary did not extend to the probate of wills of those dying domiciled elsewhere. Except as specifically regulated by the legislature, the jurisdiction of the ordinary is full and general and extends to the exercise of the powers (in testate and intestate matters) of the English ecclesiastical courts. The question is whether the reasoning of the *Chadwick Case* applies to the grant of letters of administration. I think not. Administration of some nature may and must be taken out in every jurisdiction in which there is property. *1 Story Confl. L.* §§ *513, 514, &c.; 11 Rul. Cas. L.* § *67.* While it has been said that administration taken out in a place other than that of the domicile of the deceased is ancillary to administration in the forum of the domicile, and that the foreign administrator must account to the administrator of the domicile of the deceased, this is subject to the qualification that debts in the locality of the foreign administrator must be provided for. *Pisano* v. *Shanley Company, 66 N. J. Law 6; 1 Story Confl. L.* § *525.* It has never been held, to my knowledge, that administration cannot be taken out in the foreign jurisdiction until administration has been taken out in the place of the domicile. Such a holding would, in case administration never was taken out in the place of the domicile, as might be, deprive creditors in the locality of their rights. By statute surrogates are given jurisdiction to appoint, after a certain length of time, an administrator for the estate of a deceased intestate where there is property of the deceased within their counties. There is no statutory

grant of power to the ordinary, unless it be included in the general language of section 1 of the act respecting the prerogative court and the power and authority of the ordinary. *Rev. of 1900; 2 Comp. Stat. p. 1722.* By that section the authority of the ordinary is extended only to the granting of probate of wills, letters of administration, letters of guardianship, &c. As I have pointed out, the court of errors and appeals in *Chadwick's Case* held that so far as probate of wills is concerned, the authority of the ordinary extends only to the wills of residents. But the court reached the conclusion it did because of the language used in section 2 which required that before probate should be granted by the ordinary, proof should be made to the satisfaction of the ordinary that no caveat against proving such will had been filed in the office of the surrogate of the county where the testator resided at the time of his death which indicated that the legislature intended the jurisdiction to extend only to the probate of wills of residents. There is no similar language with respect to letters of administration. The ordinary had, prior to the passage of the legislation, full and general authority to grant letters of administration upon the estate of deceased non-resident intestates, general or special, and I think there is nothing in the legislation which indicates an intent on the part of the legislature to cut down the jurisdiction, nor can I conceive of any good reason why the jurisdiction should be cut down. The rule of comity referred to in the *Chadwick Case* does not, I think, apply. It has been generally held that a right of action for negligently killing a person is an asset of his estate, sufficient to warrant the appointment of an administrator, although there are no assets in the state and the deceased was a non-resident. *11 Rul. Cas. L.* § *69.*

I am of the opinion that the ordinary may appoint an administrator *ad prosequendum* to prosecute a cause of action under the so-called Death act where the deceased was a non-resident upon the authority of *Lothrop's Case, supra.*

Such an appointment will be made.