THRASILLA LOUGHNEY, ADMINISTRATRIX AD PROSE-QUENDUM OF THE ESTATE OF EDWARD B. LOUGH-NEY, DECEASED, PLAINTIFF-APPELLANT, v. HARRY J. THOMAS AND JOHN THOMAS, INDIVIDUALLY, AND JOHN THOMAS ET AL., PARTNERS TRADING AS THOMAS BROTHERS, DEFENDANTS-RESPONDENTS.

Submitted May 29, 1936—Decided October 2, 1936.

For the appellant, *Earl A. Merrill.*

For the respondents, *Charles S. Gray (Harold G. Price,* of counsel).

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. A very brief recital of the facts is all that is necessary. A motor truck registered in the name of the defendant Harry Thomas, of Wilkes-Barre, Pennsylvania, as owner, bearing the inscription "Thomas Brothers" and operated by the defendant John J. Thomas, crashed into the rear end of another motor truck owned by Virginia M. Yanavok which was parked on the side of the state highway, route 6, near Belvidere, in Warren county. This truck was operated by and was in the control of one Rolph, who, at the time, was in the employ of John Yanavok and engaged in and about the business of the latter.

Edward B. Loughney, plaintiff-appellant's decedent, a resident of Wilkes-Barre, who was seated beside John Thomas in the cab of the Thomas truck, died as the result of injuries received in the collision.

Bridget Loughney, the mother of Edward B. Loughney,

caused letters of administration, *ad prosequendum*, to be issued to her by the surrogate of Morris county and in such capacity brought suit under the "Death act" against Virginia M. Yanavok, John Yanavok, Rudolph Rolph, Harry J. Thomas and John Thomas, individually, and John Thomas, Harry J. Thomas and Joseph Thomas, partners, trading as Thomas Brothers. The action was brought in the Supreme Court and the venue laid in Morris county (the defendants Yanavok and Rolph being residents of that county) and the cause was tried at the Morris Circuit.

The trial court directed a verdict against the plaintiff and in favor of the defendants Harry J. Thomas and John Thomas, as individuals, and they and Joseph Thomas as Thomas Brothers, and also in favor of Virginia M. Yanavok, and submitted the cause to the jury as to John Yanavok and Rudolph Rolph, as to whom that body returned a favorable verdict of no cause of action.

From the judgment, upon the directed verdict in favor of the defendants Thomas and Thomas Brothers, the plaintiff below appeals.

Since the trial of the cause Bridget Loughney, the original plaintiff, has died and the present appellant has been appointed by the surrogate of Morris county, as administratrix *ad prosequendum* of Edward B. Loughney, deceased, and as such has taken and prosecuted this appeal.

There seems to be but three questions raised. The first is that the trial court erred in directing a verdict in favor of John Thomas, individually, the driver of the Thomas car.

This judicial action appears to have been based upon the conclusion of the trial court that the second count of the complaint did not charge John Thomas, individually, to respond because of negligence, but we do not reach that conclusion.

It is true that paragraphs 5 and 6 of this count assert that John Thomas "the agent, servant or employe of said Harry J. Thomas * * * carelessly, recklessly and negligently operated said truck, &c." but paragraph 8 thereof concludes as follows: "each of whom has sustained a pecuniary damage because of the death of plaintiff's intestate * * * as

the result of the negligence of the defendants Harry J. Thomas and John Thomas as aforesaid," and, further, they were named individually in the summons, so served, and, so answered.

We conclude that it was error to direct a verdict in favor of John Thomas, individually, and we can find no factual or legal reason for such a direction in favor of Harry J. Thomas, individually.

The second ground for reversal is that the trial court erred in directing a verdict in favor of John Thomas, Harry J. Thomas and Joseph Thomas as partners, trading as Thomas Brothers.

This action was erroneous. There were proofs from which such a relationship and control of the truck in question could have been found and those facts should have been referred to the jury for settlement.

The third ground presented is that the appeal should be dismissed as the appellant has no standing inasmuch as she obtained her letters of administration from the surrogate of Morris county instead of the surrogate of Warren county where the happening took place.

This, of course, is not raised by any ground of appeal because the trial court did not direct the verdict complained of on this ground. However, this was a reason urged for a direction of the verdict, and if good, although the other grounds upon which the direction was based were without legal substance, still the action of the trial court will not be reversed. *Breintnall* v. *Sadler*, 82 *N. J. L.* 405, 409; *McCarty* v. *West Hoboken*, 93 *Id.* 247, 248; *Healey* v. *Braested*, 98 *Id.* 520, 522. But we think there was nothing, in this direction, prejudicing the respondents.

Originally such actions were directed to be brought in the name of the personal representatives of the deceased person. 2 *Comp. Stat.* 1904-1908, § 8. Then came the supplement to the Death act (*Pamph. L.* 1917, *ch.* 180, *p.* 531), providing that actions for damages for death "shall be brought, instituted or made in the name of an administrator *ad prosequendum* * * * except where such deceased dies testate and

his or her will is probated, the executor or executors therein named, who qualify, shall bring, institute, or make such action, proceeding or claim."

Such representative *ad prosequendum* of a decedent seems to be required only for the purpose of providing some person to prosecute the action because the same statute provides "no payment in settlement of any such claim or in satisfaction of any judgment obtained in any such action, or proceeding brought, or instituted * * * shall be made to such administrator *ad prosequendum,* but such payment shall be made in such settlement or in such satisfaction, only to a general administrator, who has given bond as required by law, &c., &c."

Such an administrator *ad prosequendum,* therefore, as the title implies, is but a nominal representative to bring and prosecute the action. His or her appointment in an improper manner or by an unauthorized officer cannot injure or affect the substantial rights of the defendants, particularly where, as here, the next of kin urge nothing in this direction.

Following the foregoing legislation and approved on the same date we find chapter 181, *Pamph. L.* 1917, a supplement to the Orphans Court act, Revision of 1898, page 533, which provides:

"The surrogate of the county in which the deceased shall be resident at the time of his death shall have the power and authority to grant letters of administration *ad prosequendum* to the person or persons entitled to ordinary administration, and such administrator or administrators shall not be required to give bond, as is required by law in all other cases of administration."

But this statute does not apply to decedents who are non-residents of the state.

It was not until the enactment of *Pamph. L.* 1922, *ch.* 30, *p.* 59, an amendment to the act of 1917, *supra,* that this was provided for as follows:

"The surrogate of the county in which the deceased shall be resident at the time of his death, or in case the deceased be not a resident of the State of New Jersey. then the surrogate of the county in which the accident occurred from which

his death resulted shall have the power and authority to grant letters of administration *ad prosequendum,* &c., * * *."

It appears that power to appoint such administrators did not reside in the surrogates of the several counties prior to the statutes, *supra,* and that it is through them alone that such authority exists.

There was such power and authority in the Ordinary. *Lothrop's Case,* 33 *N. J. Eq.* 246; *In re Post,* 89 *Id.* 526; *Lange* v. *Semanske,* 108 *Id.* 538.

Assuming that the appointment by the surrogate of Morris county was unauthorized we are unable to see how the defendants were harmed or prejudiced.

Such an administrator is a mere trustee to bring and conduct the action. *Celofonte* v. *Camden Coke Co.,* 78 *N. J. L.* 662; *Wilson* v. *Dairymen's, &c.,* 105 *Id.* 188.

Again it seems to us that this question was not timely and properly raised.

The complaint with particularity, sets forth the appointment and the defendants' answer attacks this only by calling for formal proof. There was no assertion therein that such appointment was irregular or unauthorized. There was no motion to strike the complaint, as there might and should have been because it was by an improper and unauthorized plaintiff but respondents-defendants proceeded to trial, without objection and then for the first time upon a motion for a nonsuit and finally upon a motion for direction of a verdict the matter was urged.

We conclude that respondents cannot benefit thereby. *Cf. Wilson* v. *Dairymen's, &c., supra.*

The judgment under review as to Harry J. Thomas and John Thomas, individually, and John Thomas, Harry J. Thomas and Joseph Thomas, partners trading as Thomas Brothers, is reversed, and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Lloyd. Case, Bodine. Heher, Perskie, Hetfield, Dear, Wells, Wolfskeil, Rafferty, JJ. 12.