Earle Gear & Machine Co. *v.* Fidelity & Casualty Company of New York, Appellant.

148

Argued October 20, 1941.

Before Keller, P. J., Cunningham, Baldrige, Stadt-feld, Rhodes and Hirt, JJ.

*Robert P. F. Maxwell,* with him *George F. Blewett,* for appellant.

*Paul Maloney,* with him *Evans, Bayard & Frick,* for appellee.

OPINION BY HIRT, J., February 28, 1942:

This is an action brought by a material man against the surety on the bond of the principal contractor who constructed a highway bridge in the State of Florida, under a contract with that state. Plaintiff supplied certain machinery, equipment and other materials to a sub-contractor, all of which complied with the specifications and went into the construction of the bridge and were part of it when the completed structure was accepted by the state. There is no controversy as to plaintiff's full compliance with its contract as to the character and quality of the things supplied. The sole dispute is as to the total price payable to plaintiff under its agreement with the sub-contractor. Plaintiff has received $13,329.06 and claims $424.50 additional. The bond of the principal contractor, with defendant as surety, is conditioned upon the prompt payment "to all persons supplying him, or them, labor, material, equipment and supplies, used directly or indirectly by the said contractor, contractors, sub-contractor or sub-contractors in the prosecution of the work provided for in said contract ......" A bond of this tenor is required by the laws of Florida for the protection of labor and material men. Plaintiff's claim was disposed of by the lower court on the pleadings, and judgment was entered for plaintiff for the above additional amount for want of a sufficient affidavit of defense. We think there was an issue of fact for the jury.

It is conceded that the laws of the State of Florida apply, (*Musser v. Stauffer*, 192 Pa. 398, 43 A. 1018) and in that state an action on a bond of this character must be brought in the name of the state to the use of the material man. The State of Florida, however, had no interest in the obligation of the bond except, thereby, to provide the means of enforcing the payment of the accounts of labor and material men. If this action had been in the Florida courts, the case would have had to have been so brought. But the action is

in Pennsylvania, where, on a bond so taken, a plaintiff may sue in his own name alone. Rule 2002 of the Pennsylvania Rules of Civil Procedure, 332 Pa. lxxiii, provides that "Except as otherwise provided ...... [not applicable here] all actions shall be prosecuted by and in the name of the real party in interest, ......" How the action shall be brought is a procedural question to be determined by the law of the forum. "The law of the forum determines who may and who must sue and be sued": Restatement, Conflict of Laws, §588. "So far as the remedy is concerned, it is to be governed by the *lex fori*": *Levy v. Levy,* 78 Pa. 507. Even if the action in this respect, was improperly brought, the error is one of form subject to correction by amendment; or the action may be treated as amended here. *Hewitt v. Democratic Pub. Co.,* 271 Pa. 546, 115 A. 838; 2 Standard Pa. Practice, Parties, §76.

The dispute as to the total amount to be paid to plaintiff for the materials furnished arises from the fact that the contract price is not fixed at a lump sum. The contract merely supplies the formula for determining sale prices. Under the agreement plaintiff was to receive payment at varying specified rates per pound depending on the character of the material supplied. What plaintiff has received was payment at the rates fixed by the contract but on weights as determined by the sub-contractor alone. Plaintiff contends that the machinery and equipment weighed more than was conceded by the sub-contractor, and that on the basis of actual weights, it is entitled to the additional amount sued for.

The affidavit of defense sufficiently raises the issue, and the dispute, therefore, as to the actual weights of the various classes of materials is one of fact for the jury.

Judgment reversed with a procedendo.