## Usner *v.* Duersmith, Appellant.

Argued January 25, 1943. Before MAXEY, C. J.; DREW, LINN, PATTERSON, PARKER and STEARNE, JJ.

*W. Hensel Brown,* for appellant.

*Alfred C. Alspach,* for appellee.

OPINION BY MR. JUSTICE LINN, March 22, 1943:

On May 13, 1942, a summons in trespass naming "Harry A. Usner, Parent of Galen S. Usner," as plaintiff issued out of the Court of Common Pleas of Lancaster

County and, as the defendant admits, ". . . was duly served by the Sheriff of Lancaster County upon . . ." him. No statement of claim has been filed. Defendant filed a petition under the Act of March 5, 1925, P. L. 23, 12 PS section 672, asking to have the summons ". . . stricken off, set aside and quashed, all proceedings to be stayed," on the ground that the court was without jurisdiction. He averred that the suit was brought to recover for the wrongful death of the plaintiff's minor son, who, on May 17, 1941, was struck by an automobile owned and operated by defendant. His answer to the petition admitted that averment. We therefore have, as facts, an action for a tort committed in Lancaster County and that the defendant, a resident of the county, was duly served there. The common pleas has jurisdiction of causes of action such as that described by the defendant and there can be no doubt that, by the service of its writ, the court acquired jurisdiction over him: *Lackawanna Co. v. James*, 296 Pa. 225, 145 A. 817. The learned court was right in dismissing the petition.

Defendant contended that Harry A. Usner, parent of Galen S. Usner, had no right to sue by that title; that he has failed to comply with Rule 2202 (a) and (b)[1] of the Rules of Civil Procedure, and has wrongly described himself; that the rule requires that he should have sued as trustee ad litem. The learned judge, on October 30, 1942, granted "leave to the plaintiff to amend the caption of his suit to conform" to Rule 2202 (b), after the statute of limitations had run.

Defendant now contends that after the statute had run, the court had no power to allow the correction.

---

[1] "(a) Except as otherwise provided in clause (b) of this rule, an action for wrongful death shall be brought only by the personal representative of the decedent for the benefit of those persons entitled by law to recover damages for such wrongful death."

"(b) If no action for wrongful death has been brought within six months after the death of the decedent, the action may be brought by the personal representative or by any person entitled by law to recover damages in such action as trustee ad litem on behalf of all persons entitled to share in the damages."

The Act of April 26, 1855, P. L. 309, section 1, 12 PS section 1602,[2] provided a right of action in the parent, for the wrongful death of a child, and in section 2 required that "The declaration shall state who are the parties entitled in such action." Mr. Usner, therefore, had a right of action for the death of his minor child. As no statement of claim has been filed the record does not advise whether any other person also has an interest in the action.

Rule 2202 is a procedural rule, providing how the right of action given by the statute shall be enforced, and Rule 2204 specifies certain averments to be made in the statement of claim. The Rules are to be interpreted with common sense to carry out the purposes for which they were adopted. Our statutes providing for amendments have always been liberally construed: *Miners Savings Bank v. Naylor,* 342 Pa. 273, 279, 20 A. 2d 287. We all think that the learned judge was right in granting leave to make the correction. Compare *Gentile v. Philadelphia & Reading Ry.,* 274 Pa. 335, 340, 118 A. 223, in which, after the expiration of the limitation period, the court, in an action brought by a "widow on behalf of herself and minor children, and by the E. & G. Brook Iron Company" was allowed to amend by adding "for the use of the widow and the iron company, as their interest may appear." The appellant refers to cases like *LaBar v. New York, Susque. & West. R. R.,* 218 Pa. 261, 67 A. 413, but in those cases the statutory right of action was given to the administratrix whereas the suit was brought to assert a personal right which had not been given to the plaintiff. In the present case, the parent has a statutory right; when the statement is filed it may appear that his recovery is for himself and also for others. Allowing the correction to conform to Rule 2202 (b) is, in effect, mere addition of notice to the defendant that others, if any, may, pursuant to the statute, share in the recovery.

Order affirmed.

---

[2] As amended by the Act of June 7, 1911, P. L. 678, section 1, and Act of April 1, 1937, P. L. 196, section 1.