## Swope et al. v. Costello

*J. Francis Yake, Jr.*, for plaintiffs.

*Bulleit & Bulleit*, for defendant.

SHEELY, P. J., June 19, 1943.—At the time of the accident which gave rise to this action the plaintiffs, other than Edward Swope, were riding in an automobile owned by Edward Swope and operated by plaintiff Evelyn Swope Neely, when it came into collision with an automobile operated by defendant, John Costello. Alleging that the accident was caused by negligence of defendant, the plaintiffs joined in bringing this action. Defendant, averring that the accident was not caused by negligence on his part but that it was caused by negligence of plaintiff Evelyn Swope Neely, has petitioned the court for an order severing the action of Evelyn Swope Neely from the action of the other plaintiffs so that he may take steps to join her as a defendant in their action. Evelyn Swope Neely opposes the severance on the ground that she cannot be joined as an additional party because she is now a party, and that defendant cannot move to have her joined as an additional defendant because he has not filed an affidavit of defense to the statement of claim.

It is important to keep in mind that we are not now required to determine whether Evelyn Swope Neely can be joined as an additional defendant; we are only required to determine whether defendant may take steps to have her joined. The requirement that defendant file an affidavit of defense is found in the former Pa. R. C. P. 2252 (*a*), which required the affidavit of defense as a condition precedent to a petition to join an additional defendant. The right of the court to grant a severance is found in Pa. R. C. P. 213 (*b*), and the only requirement is a finding of convenience or prejudice. It is noted that Pa. R. C. P. 2252 (*a*)

was amended by the Supreme Court on December 30, 1942. The amendment omits the requirement that the defendant file an answer and provides that he may file as of course a præcipe for a writ to join an additional defendant. The latter reason for plaintiff's objection is therefore without merit.

The amendment provides, as did the original rule, that the defendant to be joined must be a person "not a party to the action", and Evelyn Swope Neely is, of course, now a party to the action. But that is the very purpose of the petition for severance: to sever her action against defendant from that of the other plaintiffs so that she may be joined as a defendant in their action. This presents no difficulty, as it has been held in a long line of cases that this is the proper procedure in a case of this type: Stokes et al. v. Giarraputo & Son (No. 1), 42 D. & C. 161 (1941); William Freihofer Baking Co. et al. v. Collins, etc., 43 D. & C. 485 (1942); Judge et al. v. Lang, 43 D. & C. 511 (1942); Sweitzer et al. v. Erie Coach Co. et al., 44 D. & C. 328 (1942); Fisher et ux. v. Diehl et al., 44 D. & C. 325 (1942); Seymour et al. v. Folberg, 46 D. & C. 292 (1942). See also Goodrich-Amram, sec. 2252.

It is unnecessary to add to the discussion of the rule contained in those cases except to note that a refusal to permit a severance would create an anomalous situation. If the other plaintiffs had sued separately defendant could have proceeded to have Mrs. Neely joined as a defendant in their action without any difficulty, but by joining as a plaintiff in their action she would deprive defendant of this right. The Rules of Civil Procedure did not contemplate this result.

"The Rules are to be interpreted with common sense to carry out the purposes for which they were adopted": Usner v. Duersmith, 346 Pa. 494 (1943).

It is noted that more than 60 days have elapsed since the service of the statement of claim upon defendant, but that the petition for severance was filed within 15

days thereafter, which was within the time defendant could have filed an affidavit of defense. In order to avoid further delay in the proceeding we now hold that this is sufficient cause to permit the præcipe to be issued after the 60-day period as provided by Pa. R. C. P. 2253. The effect of our present conclusions is that defendant may take steps to join Evelyn Swope Neely as an additional defendant in the action of the other plaintiffs, but that she is free to take such other steps as may be provided by the Rules of Civil Procedure to prevent such joinder.

And now, June 19, 1943, it is ordered that the action of Evelyn Swope Neely v. John Costello be severed from the action of the other plaintiffs so as to permit defendant to take steps to join her as an additional defendant in their action, and that defendant be allowed 15 days from this date within which to file his præcipe for a writ to join her as an additional defendant.