**CARTER v. PENNSYLVANIA R. CO.**

United States District Court
S. D. New York.

Nov. 17, 1949.

**478**

Ramey & McKelvey, New York City, attorneys for plaintiff.

Conboy, Hewitt, O'Brien & Boardman, New York City, attorneys for defendant.

RIFKIND, District Judge.

This is an action arising out of the death, in June, 1946, of plaintiff's husband, in Elizabeth, Union County, New Jersey, allegedly as a result of defendant's negligence. Two causes of action are stated, and, while the complaint does not make explicit the source of the rights plaintiff seeks to enforce, it is quite clear that one is derived from the New Jersey Wrongful Death Act, since it asserts a claim for pecuniary injuries to decedent's wife resulting from the death, and that the other flows from the New Jersey Executors and Administrators Act, since it states a claim for injuries suffered by decedent during his lifetime. N.J.Revised Statutes 1937, 2:47–1, N.J.S.A.; N.J.Revised Statutes 1938, Cumulative Supplement, 2:26–9, N.J.S.A. Defendant now moves for summary judgment in its favor under Rule 56(b), F.R. Civ.P., 28 U.S.C.A., on the ground that plaintiff lacks capacity to sue.

Since the action is brought by the plaintiff "as administratrix of the estate of Harrison Carter", it is plain that she sues as a representative and her capacity to maintain the suit in this court must be determined by New York law. Rule 17(b), F.R.Civ.P.

The second cause of action, that for injuries suffered by decedent during his lifetime, is more easily disposed of. In that action plaintiff sues as administratrix on behalf of the decedent's estate. N.J.Revised Statutes 1938, Cumulative Supplement, 2:-26–9, N.J.S.A. Prudential Ins. Co. v. Laval, 1942, 131 N.J.Eq. 23, 23 A.2d 908, 912.

It is well established New York law that a foreign administrator suing in behalf of the general estate of the deceased is without standing in the courts of this State. Baldwin v. Powell, 1945, 294 N.Y. 130, 61 N.E.2d 412.

Hence, plaintiff lacks capacity to sue in this court for injuries suffered by the decedent in his lifetime and the defendant's motion for summary judgment as to this cause of action must be granted. Orloff v. Hayes, 1946 S.D.N.Y., 7 F.R.D. 75.

The first cause of action presents quite a different problem. When one sues under the New Jersey Wrongful Death Act, he acts on behalf of specified beneficiaries and not on behalf of the decedent's general estate. N.J.Revised Statutes 1948, Cumulative Supplement, 2:47–4, N.J.S.A. His position has been likened to that of a special statutory trustee. See Baldwin v. Powell, 1945, 294 N.Y. 130, 134, 61 N.E.2d 412. Therefore, plaintiff's status as foreign administratrix alone would not impair her capacity to vindicate in New York her rights under the Wrongful Death Act. Wiener v. Specific Pharmaceuticals, Inc., 1949, 298 N.Y. 346, 83 N.E.2d 673; Cooper v. American Airlines, 2 Cir., 1945, 149 F.2d 355, 162 A.L.R. 318.

The defendant urges, however, (if I correctly appraise its argument) that plaintiff lacks capacity to sue because the letters of administration issued to her do not embrace the power to administer this particular asset, namely, the cause of action for the wrongful death of the decedent. The plaintiff concedes that the decedent died a resident of South Carolina and that the letters of administration which were issued to the plaintiff were limited by their terms to the following:

"all and singular the goods and chattels, rights and credits situate within the County of Union, New Jersey which were of Harrison Carter". In substance, defendant asserts that the cause of action for the wrongful death of the decedent is not part of such rights and credits situate within Union County.

It is unnecessary, in dealing with this contention, to enter upon a meta-

physical search for the situs of the cause of action. A more certain guide is provided by statute. The "special statutory trustee" designated by the New Jersey statute to prosecute an action for the wrongful death of a decedent is not the general administrator but an administrator ad prosequendum. N.J.Revised Statutes 1938, Cumulative Supplement, 2:47-2, N.J.S.A. While for a time there was some question whether the power to appoint an administrator ad prosequendum extended to cases where the decedent was a non-resident, it was so held affirmatively in In re Post, 1918, 89 N.J.Eq. 526, 104 A. 652, 653, and subsequently made explicit by statute. N.J. Revised Statute 1937, 3:7-13, N.J.S.A., provides,

"* * * if the decedent resided outside the state, the surrogate of the county wherein the accident resulting in death occurred, may grant letters of administration ad prosequendum to the person entitled by law to general administration. * * *" Since the accident occurred in Union County and the recipient of the letters was the decedent's wife, who presumably is the person entitled by law to general administration, it would seem that the person contemplated by statute has in fact brought this action.

This conclusion is subject to only one modest question, namely, whether the special letters issued to the plaintiff in this case constitute letters of administration ad prosequendum. The parties have not briefed this question (indeed defendant submitted no briefs whatever) and I see no reason why I can not assume that these special letters in fact constitute compliance with the provision of the statute for the appointment of an administrator ad prosequendum. Not being familiar with the details of New Jersey Decedent's Estate practice I am unable to answer the question with certainty. Should I be wrong, however, the deficiency is manifestly a matter which can be easily corrected. I am the more readily induced to take this position because the cases hold that, in any event, formal defects in the appointment of the administrator ad prosequendum are not serious obstacles to the maintenance of an action. Cf. Loughney v. Thomas, 1936, 117 N.J.L. 169, 187 A. 329; In re Carpenter's Estate, 1948, 142 N.J.Eq. 772, 61 A.2d 446; Jongebloed v. Erie Co., 1943, 180 Misc. 893, 42 N.Y.S.2d 260, affirmed 266 App.Div. 960, 44 N.Y.S.2d 681.

The defendant is not exposed to the risk of double liability. Although suit is maintained by an administrator ad prosequendum, payment of any judgment which may be recovered can be made only to the duly appointed general administrator of the decedent's estate. N.J.Revised Statutes 1937, 2:47-6, N.J.S.A. The fact that a general administrator has not yet been appointed does not bar the action. Wikoff v. Hirschel, 1932, 258 N.Y. 28, 179 N.E. 249.

The motion to dismiss the first cause of action is, therefore, denied.