## Durante v. Pittsburgh, Chartiers & Youghiogheny Railway Company et al.

Before Marshall and Weiss, JJ.

*Milton I. Watzman* and *Watzman & Groudine,* for plaintiff.

*Thomas D. Thomson* and *Dalzell, Pringle, Bredin & Martin,* for defendant.

*Con F. McGregor* and *Bechman, Parker, Dunn & McGregor,* for additional defendant.

WEISS, J., September 24, 1953.—The present case is before this court on defendant's rule to show cause why it should not be permitted to file an answer to plaintiff's complaint. The facts are not disputed and, in essence, are as follows:

This action in trespass was brought to recover damages for personal injuries suffered by plaintiff on November 24, 1950, at the Main Street crossing in Carnegie, Pa. At that point two sets of tracks of Pittsburgh, Chartiers and Youghiogheny Railway Company cross at right angles two sets of tracks owned and maintained by Pittsburgh Railways Company, which

extend along Main Street. Plaintiff's complaint alleges that he fell while walking on the crossing because of certain "steel plates or walking platforms," which he says were in a defective condition at the time.

Plaintiff's complaint was filed on November 2, 1952, *two days before the expiration of the statute of limitations.* It was served on defendant on December 19, 1952, 25 days after the statute of limitations had run.

On March 19, 1953, defendant petitioned for an extension of time to join the Pittsburgh Railways Company as an additional defendant, alleging that additional defendant had sole ownership and control of the steel plates which caused the accident. This petition was granted.

Defendant also petitioned for leave to file an answer denying ownership or control of the steel plates at the crossing where the accident occurred. It is this petition which is now before this court.

Rule 1026 of the Pennsylvania Rules of Civil Procedure states: "Every pleading subsequent to the complaint shall be filed within twenty (20) days after service of the preceding pleading, but no responsive pleading need be filed unless the preceding pleading is endorsed with a notice to plead."

This rule is qualified by Rule 1003 of the Pennsylvania Rules of Civil Procedure, which states:

*"The court on cause shown may extend or shorten the time within which pleadings shall be filed or process served."*

The third rule applicable to these proceedings is Rule 126 of the Pennsylvania Rules of Civil Procedure, which states:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. *The court at every stage of any such action or proceeding may disregard any error or defect of procedure which*

*does not affect the substantial rights of the parties."*

Under the above rules, it is clear that this court has the authority on cause shown to grant defendant leave to file his answer, even though the 20-day period has expired.

It has long been the practice of this court to grant an extension of time to file responsive pleading provided that the other parties' rights are not substantially prejudiced. When permitting such action, this court has espoused the rule that defendant must (1) show cause why he should be permitted to file a late answer, and (2) he must also show that plaintiff will not be prejudiced thereby.

The Supreme Court said in Fisher v. Hill, 368 Pa. 53 (1951):

"Procedural rules are not ends in themselves but means whereby justice, as expressed in legal principles, is administered. They are not to be exalted to the status of substantive objectives."

Also, in Usner v. Duersmith, 346 Pa. 494 (1943), the Supreme Court said:

"The Rules are to be interpreted with common sense to carry out the purposes for which they were adopted."

It is the opinion of this court that defendant has shown sufficient reasons why it failed to file its answer on time. *It was shown that the steel plates which caused this accident had been removed before plaintiff filed his complaint.* Because of this, defendant had to expend a great deal of time to determine their ownership. In a large corporation with its voluminous records, this can be a very time-consuming process; and it is wholly reasonable to expect that this search of its records could have taken defendant more than the 20 days it was permitted under the rule. *This court feels that this is sufficient reason to grant an extension of time for filing an answer.*

It is the further opinion of this court that the rights

of plaintiff will not be substantially prejudiced by permitting defendant to file its answer.

Plaintiff in this case waited until two days before the statute of limitations expired before he filed his complaint. Service of the complaint was made after the statute had run. Therefore, plaintiff's cause of action was then barred as against any other defendant, and it is no more prejudicial now to permit defendant to file an answer denying ownership or control than it would have been if defendant had filed a timely answer. No matter when defendant filed its answer, plaintiff would have been barred from joining any other defendant.

Plaintiff in this case, by waiting until two days before the statute expired, has prejudiced his own rights. If plaintiff had filed his complaint 20 days before the statute expired, there would have been no question but that his rights would have been prejudiced by the failure to file a timely answer. See Constanzo et al. v. Sabatini, 72 D. & C. 245 (1950). However, such is not the situation before this court.

The prejudice which the rules refer to must arise from the lateness of the pleadings and not from the fact that the pleadings themselves are prejudicial. In the instant case, plaintiff is under no greater handicap by permitting defendant to file a late answer than he would have been if defendant had filed his answer on time. A denial of ownership or control by defendant, if filed after the required time, would not prejudice any rights of plaintiff which would not have been prejudiced if the answer had been filed on time.

Therefore, it is the opinion of this court that defendant has shown sufficient cause for filing his answer after the required time; and, further, that the rights of plaintiff will not be prejudiced by permitting such action.