Edward A. BRENNAN, Administrator of the Estate of James E. Wood, Deceased,

v.

Francis ROONEY and Paul E. McGuigan.

Civ. A. No. 15594.

United States District Court
E. D. Pennsylvania.

March 19, 1956.

Bernard I. Shovlin, Philadelphia, Pa., for plaintiff.

Max E. Cohen, Michael Shekmar, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

This case comes before the court on (A) defendant's[1] motion to dismiss the complaint on the ground that the plaintiff "has no legal capacity, authority, power or right to prosecute this cause of action"[2] and (B) defendant's answer to plaintiff's motion for leave to amend the complaint by substituting for the plaintiff "Edward A. Brennan, Administrator Ad Prosequendum of the Estate of James E. Wood, deceased," which answer opposes this motion on the ground that the amendment would introduce a new cause of action barred by the statute of limitations.

The plaintiff's decedent (James E. Wood) was killed on July 4, 1953, as a result of injuries received while riding as a passenger in the car operated by the defendant Rooney and caused by a collision in New Jersey between that car and the motor vehicle driven by the defendant McGuigan. Edward A. Brennan, a citizen of New Jersey, was appointed administrator of the estate of James E. Wood, deceased, by the Register of Wills of Philadelphia County[3] on July 11, 1953. The defendants are both citizens of Pennsylvania. This suit was instituted on July 24, 1953. The complaint contains a First Cause of Action under the Wrongful Death Act, 12 P.S. Pa. § 1601 et seq., and a Second Cause of Action under the Survival Act, 20 P.S.Pa. § 320.601. Edward A. Brennan was appointed Administrator Ad Prosequendum of the estate of James E. Wood, deceased, by the Surrogate of Cape May County, New Jersey, on December 6, 1955.

A. Motion to Dismiss Complaint for Lack of Proper Party Plaintiff

Defendant concedes that the plaintiff, as general administrator, is entitled to sue under the Survival Act so that the issue here is whether the plaintiff, as such general administrator, may sue under the Wrongful Death Act in view of the following terms of the New Jersey Wrongful Death Act, New Jersey, 2A:31–2 N.J.S.A.:

"Every action commenced under this chapter shall be brought in the name of an administrator ad prosequendum of the decedent for whose death damages are sought  *  *."[4]

---

1. Unless otherwise specified, all references to the defendant are to the defendant McGuigan. The defendant Rooney has not appeared in person or by counsel, although his guardian was notified by letter mailed 2/28/56 that the matter would be presented to this court on March 12, 1956, at which time he would have an opportunity to object to the motion for leave to file the amended complaint. No one appeared for Rooney on 3/12.

2. The remaining two bases for his motion need not be considered in view of the holding under A below.

3. The petition for the appointment of the plaintiff as such administrator states: "(Purposes of Suit)." See affidavit dated February 28, 1956, filed by plaintiff. Defendant's letter of 2/28/56 points out that there may well have been reasons extraneous to this suit for using the above-quoted language but defendant has at all times been advised that Mr. Brennan was appointed as general administrator to bring suit for damages resulting from the death of plaintiff's decedent in an auto accident occurring in New Jersey on July 4, 1953.

Since this action has been instituted in a Federal District Court located in Pennsylvania, the capacity of the plaintiff to sue is governed by the law of Pennsylvania.[5] However, the Pennsylvania law provides that where an action for wrongful death arising under the laws of some other jurisdiction is brought in this Commonwealth, "it shall be brought by the person authorized to bring the action by the law of the jurisdiction where the cause of action arose." Pa.R.C.P.No. 2207, 12 P.S. Appendix. See also Maxson v. McElhinney, 1952, 370 Pa. 622, 624–625, 88 A.2d 747. Since the above-quoted New Jersey statute requires the institution of such a suit as this by an administrator ad prosequendum, the defendant's motion for the dismissal of the complaint would have to be granted if the plaintiff's motion to amend the complaint by substituting Edward A. Brennan, administrator ad prosequendum, as plaintiff is denied.

B. Plaintiff's Motion to Amend the Complaint by Substitution as Plaintiff Edward A. Brennan, As Administrator Ad Prosequendum, for the Same Individual as General Administrator

■ ▇▇▇ It is conceded that the statute of limitations had expired before both the date that the plaintiff was appointed administrator ad prosequendum in December 1955 and the date that this motion to amend the complaint was filed in January 1956.[6] However, the Pennsylvania Supreme Court has held that an amendment to the complaint, making clear the representative capacity in which the plaintiff sues in an action under the Pennsylvania Wrongful Death Act, will be permitted after the statutory period has expired. In Usner v. Duersmith, 1943, 346 Pa. 494, 31 A.2d 149, Harry A. Usner sued as parent of Galen S. Usner and he was permitted, after the running of the statute of limitations, to amend the complaint in order to sue as Harry A. Usner, trustee ad litem, in order to comply with the requirements of Pa.R.C.P. 2202. The court said, 346 Pa. at page 496, 31 A.2d at page 150:

"The Rules are to be interpreted with common sense to carry out the purposes for which they were adopted. Our statutes providing for amendments have always been liberally construed. Miners Savings Bank [of Pittston] v. Naylor, 342 Pa. 273, 274, 20 A.2d 287. We all think that the learned judge was right in granting leave to make the correction. Compare Gentile v. Philadelphia & Reading Ry., 274 Pa. 335, 340, 118 A. 223, 224, in which, after the expiration of the

4. The plaintiff argues that the effect of the decisions cited under paragraph 5 on page 7 of this Opinion is to modify this statutory language so that the law of New Jersey is that "An action for wrongful death must either be commenced by an administrator ad prosequendum or amended prior to its culmination by the substitution of such an administrator, even though the statutory period of limitation has expired." The defendant argues that this is only true if the action is instituted in a court located in New Jersey. The position adopted under part B of this Opinion makes it unnecessary to decide that the New Jersey statute has been so modified by court decisions that in every case an administrator ad prosequendum may be substituted as plaintiff even after the period of limitation has expired.

5. See Fed.Rules Civ.Proc. rule 17(b), 28 U.S.C., as well as Section 588 of Restatement of Conflict of Laws and Earle Gear & Machine Co. v. Fidelity & Casualty Co., 1942, 148 Pa.Super. 147, 150, 24 A. 2d 652.

6. Under the Conflict of Laws Rule adopted by the Pennsylvania courts, see Rosenzweig v. Heller, 1931, 302 Pa. 279, 153 A. 346; cf. Wells v. Simonds Abrasive Co., 1953, 345 U.S. 514, 73 S.Ct. 856, 97 L.Ed. 1211, the Pennsylvania statute of limitations (see Act of April 26, 1855, P.L. 309, § 2, 12 P.S. § 1603), providing for a one-year period in actions where "death" is caused by "unlawful violence or negligence," applies in this case. However, the New Jersey statutory period of two years expired in July 1955. See New Jersey 2A:31-3, N.J.S.A.

limitation period, the court, in an action brought by a 'widow on behalf of herself and minor children, and by the E. & G. Brooke Iron Company' was allowed to amend by adding ' "for the use of the widow and the iron company, as their interests," may appear.' The appellant refers to cases like La Bar v. New York, Susque. & West. R. Co., 218 Pa. 261, 67 A. 413, but in those cases the statutory right of action was given to the administratrix whereas the suit was brought to assert a personal right which had not been given to the plaintiff. In the present case, the parent has a statutory right; when the statement is filed it may appear that his recovery is for himself and also for others. Allowing the correction to conform to Rule 2202(b) is, in effect, mere addition of notice to the defendant that others, if any, may, pursuant to the statute, share in the recovery."

The following factors which are present in this case are indications that the Pennsylvania appellate courts would follow the above-mentioned Usner case and grant the motion to amend the complaint on the facts of this case:

1. Under New Jersey law, the administrator ad prosequendum is a nominal party only. Any amount recovered in the law suit must be paid to the general administrator (the present plaintiff) and may *not* be paid to the administrator ad prosequendum.[7]

2. The persons entitled to the amount recovered would not be altered by the substitution of Mr. Brennan as administrator ad prosequendum in place of Mr. Brennan as general administrator.[8]

3. The qualification of Mr. Brennan as general administrator was expressly for the purpose of bringing this suit, (see footnote 3 above) and Pennsylvania law does not provide for a special administrator to prosecute an action such as this.[9]

7. New Jersey 2A:31–6, N.J.S.A. provides:
"When an action is commenced by an administrator ad prosequendum under this chapter, no payment in settlement thereof or in satisfaction of a judgment rendered therein shall be made to him, but such payment shall be made only to the duly appointed general administrator of the estate of the decedent, who has filed a bond or supplemental bond adequate to protect the persons entitled to receive the amount so paid.
"No release or cancellation of a judgment, whether by warrant or otherwise, by an administrator ad prosequendum or by his attorney of record or attorney in fact shall release the person making payment from liability to the persons entitled to any intestate personal property of the decedent, shall operate as a valid cancellation of the judgment or be an authority to the clerk of any court to cancel the judgment of record."
Counsel for defendant contends that Sakos v. Byers, 1932, 109 N.J.L. 302, 162 A. 580, and Sakos v. Byers, 1934, 112 N.J.L. 256, 169 A. 705, hold that the general administrator cannot settle a suit under the Wrongful Death Act without the joinder of the general administrator. Even though this may be true, the last case cited makes clear that any

amount received by the general administrator must be credited against any judgment recovered by the administrator ad prosequendum by using this language, 169 A. at page 707:
"The statute provides that satisfaction of the judgment recovered by the administrator ad prosequendum shall be made only to a general administrator, and, if moneys have been paid to the general administrator in the instant case that should justly be credited on the judgment debt, relief may be had in the Supreme Court, where the judgment resides."
This language recognizes that the primary party in interest under the New Jersey statute quoted above is the general administrator.

8. See New Jersey 2A:31–4, N.J.S.A.

9. It should be noted that the change of party plaintiff is merely a change in the representative capacity in which the same individual brings the same action. However, it should be pointed out that the parties beneficially interested in any recovery under the New Jersey Wrongful Death Act and the Pennsylvania Wrongful Death Act are different since the brothers and sisters of the decedent share in any recovery under the former

4. It is clear that the New Jersey court would permit the substitution of an administrator ad prosequendum in place of a general administrator in such a case after the statute of limitations has run. See Wilson v. Dairymen's League Cooperative Ass'n, 1928, 105 N.J.L. 188, 143 A. 454; Noto v. Gambi, 1940, 11 A.2d 93, 18 N.J.Misc. 97.[10]

5. There is no evidence that defendant has been prejudiced by the delay in this amendment of the representative capacity in which Mr. Brennan now wishes to sue and defendant has made no claim that he has been prejudiced by the delay.[11]

Defendant contends that the Pennsylvania Supreme Court has decided in Rosenzweig v. Heller, 1931, 302 Pa. 279, 153 A. 346, that such an amendment as this may not be made after the statute of limitations has run. This case apparently did so hold in a situation involving the New Jersey Wrongful Death Act. However, the facts in the Rosenzweig case are distinguishable from the situation now before this court on at least these two important grounds:

(a) The original plaintiff in the Rosenzweig case was the widow of the decedent and she did not bring the action as a designated fiduciary entitled to act under any New Jersey statute. In this case, the original plaintiff is the general administrator, who is the party entitled to receive any funds secured as the result of the Wrongful Death Act under the terms of the New Jersey law. See New Jersey statute set out in footnote 7. Furthermore, this same person who is the general administrator is being substituted as a special administrator (administrator ad prosequendum), required by the New Jersey statute to institute the action. As pointed out in the language quoted from the Usner case cited above, the Pennsylvania Supreme Court has distinguished cases where an action was instituted by an individual and an attempt was made, after the period of limitations, to change the plaintiff to an authorized fiduciary from cases where the change in the party plaintiff is merely to indicate a different fiduciary capacity, which is the situation in this case.[12]

but not under the latter, 2A N.J.S.A. § 31-4; 3A N.J.S.A. § 4-4; cf. 12 P.S. § 1602; 20 P.S. § 1.3. But see last paragraph of footnote 11, infra.

10. The case of Peters v. Public Service Corporation, 1942, 132 N.J.Eq. 500, 29 A.2d 189, relied on by counsel for defendant, is not applicable on the facts here presented. In that case, the plaintiff sued the wrong party and sought to amend by substituting the correct party defendant after the statute of limitations had run. It is apparent that in such a situation, the party sought to be substituted was severely handicapped, for he had no prior notice of the action. See paragraph 5 of this Opinion.

11. The court recognizes that the defendant is prejudiced to the extent that he is being deprived of the bar of the statute of limitations, but there is no indication in the record that the delay in amending the complaint has caused any postponement in the trial or prevented defendant from securing evidence for his defense. The case of Miners Savings Bank of Pittston v. Naylor, 1941, 342 Pa. 273, 20 A.2d 287, relied on by defendant,

seems to the court to indicate that the Pennsylvania Supreme Court would hold that the change in the representative capacity of the plaintiff from general administrator to administrator ad prosequendum does not constitute a new and different cause of action. See 342 Pa. at pages 279–280, 20 A.2d at page 291, where the court concluded: "We find nothing in the record even tending to show that the rights of the defendant would be prejudiced by the amendment."

Although the original complaint refers to the Pennsylvania Wrongful Death Act, whereas the amended complaint refers to the New Jersey Wrongful Death Act, the facts necessary to sustain a cause of action under one act are the same as under the other. The original reference to the Pennsylvania Act could have been stricken as surplusage, since defendant was sufficiently apprised of the nature of plaintiff's claim. See F.R. Civ.P. 8; Williams v. William B. Scaife & Sons Co., D.C.N.J.1915, 227 F. 922, 927–928.

12. In Maxson v. McElhinney, supra, relied on by defendant, the suit was brought in

(b) The question of whether an administrator ad prosequendum could be substituted for the widow after the expiration of the Pennsylvania period of limitations was never argued to the court in the Rosenzweig case.[13]

The other cases relied on by defendant also are distinguishable from this case on its facts.[14] Also, at least one lower court decision has permitted an amendment of the complaint to substitute an administrator ad prosequendum on facts similar to this case. See Fierstein v. Piper Aircraft Corp., D.C.M.D.Pa.1948, 79 F.Supp. 217.

█ This issue, being dependent on the policy of the Pennsylvania courts,[15] is one primarily for decision by the appellate courts of Pennsylvania. Cf. Rogers v. Guaranty Trust Co., 1933, 288 U.S. 123, 53 S.Ct. 295, 77 L.Ed. 652; Commonwealth of Pennsylvania v. Williams, 1935, 294 U.S. 176, 55 S.Ct. 380, 79 L.Ed. 841; Great Lakes Dredge & Dock Co. v. Huffman, 1943, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407; Stainback v. Mo Hock Ke Lok Po, 1949, 336 U.S. 368, 383–384, 69 S.Ct. 606, 93 L.Ed. 741; Alabama Public Service Commission v. Southern Ry. Co., 1951, 341 U.S. 341, 349–350, 71 S.Ct. 762, 95 L.Ed. 1002. Any Pennsylvania decisions on the issue which become available to this court prior to the entry of final judgment should be considered by it.[16]

Under these circumstances, I will grant the motion to amend the complaint without prejudice to the right of defendant to base motions for summary judgment under Rule 56, for dismissal of the action under Rule 41, as well as for a directed verdict and for judgment in his favor after verdict under Rule 50, on the grounds now advanced by defendant with respect to the cause of action based on the Wrongful Death Act.[17]

the name of the widow on her own behalf and on behalf of her minor son, and she was precluded from substituting the personal representative of the decedent as a party plaintiff after the statutory period. Similarly, in Usher v. West Jersey Railroad Co., 1889, 126 Pa. 206, 17 A. 597, 4 L.R.A. 261, the attempt was made to change the plaintiff from the widow to the personal representative of the decedent after the period of limitations had expired. This was the basis of the distinction of the La Bar case in the Usner case quotation on page 5 above. A widow has no representative capacity under the New Jersey Wrongful Death Act, whereas a general administrator has a very important representative capacity, as pointed out in the New Jersey statute quoted in footnote 7 above.

13. An examination of the briefs in the Rosenzweig case shows that the question of whether or not an amendment of the complaint to state such a new party plaintiff after the period of limitations was never mentioned in those briefs. The case was presented to the court by the plaintiff on the theory that the New Jersey statute of limitations controlled, rather than the corresponding Pennsylvania statute. Since the New Jersey statute had not run at the time of the attempt to amend the complaint in that case, the plaintiff in that case did not argue the question now before the court.

14. Bolitho v. Buch Express, Inc., D.C.E.D. Pa.1951, 12 F.R.D. 189; McIntyre v. Barr, 1953, 85 Pa.Dist. & Co.R. 507. It would appear that the court in the McIntyre case was incorrectly informed in stating that an administrator ad prosequendum acts as "trustees for the benefit of those entitled to share in damages for the wrongful death". 85 Pa.Dist. & Co.R. at page 511. See footnote 7 above, showing that all amounts recovered are paid to the general administrator, who was the original plaintiff in this case but not in the McIntyre case.

15. See Rosenzweig v. Heller, supra, 302 Pa. at page 285, 153 A. 346, and Usner v. Duersmith, supra, 346 Pa. at page 496, 31 A.2d 149.

16. See Dictograph Products Co., Inc., v. Sonotone Corp., 2 Cir., 230 F.2d 131.

17. Any uncertainty for plaintiff inherent in the "without prejudice" order can be removed by his agreeing to submit this action to the Pennsylvania courts for decision on a case stated to conform exactly to the situation now presented to this court.