James R. SWICK, Administrator ad prosequendum of the Estate of Keith F. Schafer

v.

Dorothy BENSCOTER, Administratrix of the Estate of Gordon W. Benscoter, Deceased, and David W. Meitzler.

Civ. A. No. 77–4060.

United States District Court, E. D. Pennsylvania.

May 22, 1978.

Lawrence J. Brenner, Allentown, Pa., for plaintiff.

Jackson M. Sigmon, Bethlehem, Pa., for Benscoter.

Andrew L. Herster, Easton, Pa., for Meitzler.

## MEMORANDUM AND ORDER

CAHN, District Judge.

This is an action by a New Jersey citizen who has been appointed administrator ad prosequendum of the estate of a decedent who had been a Pennsylvania citizen and who died intestate. The decedent was killed in an automobile accident in Warren County, New Jersey.[1] Gordon W. Benscoter, a citizen of Pennsylvania, was the driver of the vehicle in which plaintiff's decedent was a passenger. Gordon W. Benscoter also died in the accident and is represented by Dorothy Benscoter, his administratrix. Dorothy Benscoter is a Pennsylvania citizen, as is the other defendant, David W. Meitzler. The complaint alleges negligence on the part of both Meitzler and the aforesaid decedent, Gordon W. Benscoter, resulting in the accident which occurred on November 27, 1976.

The facts that will be discussed in this Memorandum have been obtained from the pleadings, where applicable, and from the affidavits filed by the defendants. Defendants have filed a motion for summary judgment, pursuant to Fed.R.Civ.P. 56, contending that the court lacks jurisdiction of the subject matter, because diversity of citizenship has been manufactured by the plaintiff. We agree with the defendants' contentions and will grant their motion.

A brief history of the procedural steps taken in this case and in attendant litigation is necessary to understand the background for this court's decision. Other than the plaintiff administrator ad prosequendum, all parties and decedents involved in this unfortunate accident, are at the present time or were at the time of their deaths, citizens of the Commonwealth of Pennsylvania. The decedent plaintiff left surviving his father and mother, Floyd Q. Schafer and Zena M. Schafer, both citizens of Pennsylvania, residing in Bethlehem. Said parents were duly appointed by the

---

1. Pa.R.C.P. 2207 provides:

When an action to recover damages for wrongful death is brought in this Commonwealth to enforce rights arising under the laws of some other jurisdiction it shall be brought by the person authorized to bring the action by the law of the jurisdiction where the cause of action arose.

In the State of New Jersey, the persons entitled to sue under the Wrongful Death Act of New Jersey, 2A:31–2, are set forth as follows:

Every action commenced under this chapter shall be brought in the name of an administrator ad prosequendum of the decedent for whose death damages are sought, except where decedent dies testate and his will is probated, . . . . .

Register of Wills of Northampton County, Pennsylvania, on December 15, 1976, as administrators of the estate of the decedent, Keith F. Schafer. On November 25, 1977, the aforesaid administrators of the estate of Keith F. Schafer filed a complaint in trespass in the Court of Common Pleas of Northampton County, Pennsylvania, alleging wrongful death and survival actions arising out of the same accident which is the subject matter of the present suit in federal court. On that same day, in Northampton County, Pennsylvania, the plaintiff in the present action joined in as a plaintiff in the same suit; thus, it is clear that the defendants are in the position of defending two separate civil actions which aver the same cause of action on behalf of the estate of Keith F. Schafer, decedent.

■ The question before this court is whether or not jurisdiction can be based on the diversity of citizenship between the personal representative appointed in New Jersey and the Pennsylvania defendants. The pleadings and affidavits of the defendants establish that the administrator ad prosequendum is an attorney-at-law with a residence in New Jersey and who in no way was related to the decedent. The plaintiff is not the general administrator of the decedent's estate. There is nothing in the record to indicate why the parents, Floyd Q. Schafer and Zena M. Schafer, who had been appointed administrators in Pennsylvania, were not appointed as administrators ad prosequendum under New Jersey law. There is nothing in the record to establish that the parents would be too distraught to proceed with this action, especially since they had already instituted a state court action for wrongful death and survival claims as administrators of the estate of their deceased son. It would appear to this court that the only reason they were not appointed in New Jersey was to create diversity of citizenship. The Court of Appeals for the Third Circuit in *McSparran v. Weist*, 402 F.2d 867 (3d Cir. 1968), *cert. den.* 395 U.S. 903, 89 S.Ct. 1739, 23 L.Ed.2d 217 (1969), held that artificially created or manufactured diversity is not an acceptable standard for federal jurisdiction. That court also put the burden upon the plaintiff to prove all the facts to justify sustaining the appropriate diversity. *Id.*, at 875. The case further held that it is the district court judge's duty to determine as a factual matter whether or not the diversity jurisdiction has been manufactured. *Id.*, at 876. I have so determined that here such jurisdiction has, in fact, been manufactured.

■ There are additional reasons, after a perusal of the New Jersey law, that further influenced my conclusion that the citizenship of the administrator ad prosequendum in this case should not be the prime factor in ascertaining whether or not diversity jurisdiction has been properly established by the plaintiff. As was stated in *Brennan v. Rooney*, 139 F.Supp. 484, 487 (E.D.Pa.1956):

1. Under New Jersey law, the administrator ad prosequendum is a nominal party only. Any amount recovered in the law suit must be paid to the general administrator . . . and may *not* be paid to the administrator ad prosequendum.

In fact under the New Jersey statutory law, it appears with very little doubt that the administrator ad prosequendum is purely a nominal party and receives his status only as a procedural matter. New Jersey 2A:31–6, N.J.S.A. provides as follows:

When an action is commenced by an administrator ad prosequendum under this chapter, no payment in settlement thereof or in satisfaction of a judgment rendered therein shall be made to him, but such payment shall be made only to the duly appointed general administrator of the estate of the decedent, who has filed a bond or supplemental bond adequate to protect the persons entitled to receive the amount so paid.

No release or cancellation of a judgment, whether by warrant or otherwise, by an administrator ad prosequendum or by his attorney of record or attorney in fact shall release the person making payment from liability to the persons entitled to any intestate personal property of the decedent, shall operate as a valid cancellation of the judgment or be an authority to the clerk of any court to cancel the judgment of record.

As further stated in footnote 7 of Judge Van Dusen's opinion in *Brennan v. Rooney, supra,* ". . . the primary party in interest under the New Jersey statute quoted above [2A:31–6, N.J.S.A.] is the general administrator." *See Loughney v. Thomas,* 117 N.J.L. 169, 187 A. 329 (1936). This court accepts such reasoning, and as such, the real party in interest even under the wording of the New Jersey statute would be the general administrators, who are the parents of the decedent and both of whom are citizens of and domiciled in the state of Pennsylvania. As such, this fact would destroy diversity between the general administrators of the estate and the defendants.

As a further reason for dismissing this matter on the grounds of lack of diversity jurisdiction, the court has considered the case of *Griffith v. United Airlines, Inc.,* 416 Pa. 1, 203 A.2d 796 (1964), which abandoned the rule of *lex loci delicti,* favoring the doctrine of the most significant contacts or relationships involved with a tort action occurring outside of Pennsylvania. In reviewing the pleadings and the affidavits filed by the defendants, the court finds that the only contact with the parties in this case by the State of New Jersey is that said state served as the place where the accident occurred. We do not believe that this is by itself sufficient to influence the court to accept the procedural requirements of the state of New Jersey as the final determinant of the existence or nonexistence of diversity jurisdiction between the parties in the case at bar. *See Middleton, Adm'r v. Aronson, et al.,* 85 Dauph.Co.Rep. 182 (Pa. 1966). In addition, it appears that the *Griffith* decision, which was rendered twenty-five years after Rule 2207 was adopted, should control and that Pa.R.C.P. 2207 is not applicable under these particular circumstances. *Middleton, Adm'r v. Aronson, et al., supra.*

By electing to apply the Pennsylvania law under the *Griffith* doctrine, this court holds that the Pennsylvania procedural requirements also should apply and that under those circumstances, the parent administrators are the real parties in interest, and the New Jersey citizen-administrator cannot be permitted to create or manufacture diversity jurisdiction. There are no appellate court decisions from Pennsylvania on this procedural issue of appointing administrators that have been cited to this court by any of the parties, nor have we found such cases. Nevertheless, we feel in the context of the lower court decisions and the reading of the appropriate rules and New Jersey statutes, that this is the proper result.

The court deems appropriate to note that the estate of the deceased plaintiff or any beneficiaries of the decedent will not suffer in any way by this decision, since necessary action has been taken in the Pennsylvania courts. In addition, it is to be noted that such suit that has been brought in Pennsylvania includes both the wrongful death and the survival actions, whereas the requirement for the administrator ad prosequendum under the New Jersey statute applies only to the wrongful death action.

For all the reasons stated herein, the court will grant defendants' Motion for Summary Judgment and will enter an appropriate order.