**H. Pam STOVER, Administratrix ad Prosequendum of the Estate of Mark A. Kay, Deceased,**

v.

**Dorothy BENSCOTER, Administratrix of the Estate of Gordon W. Benscoter, Deceased, and David W. Meitzler.**

**Civ. A. No. 77–4061.**

United States District Court, E. D. Pennsylvania.

May 22, 1978.

28

Kent H. Herman, Allentown, Pa., for plaintiff.

Jackson M. Sigmon, Bethlehem, Pa., for Benscoter.

Andrew L. Herster, Easton, Pa., for Meitzler.

## MEMORANDUM AND ORDER

CAHN, District Judge.

This case arises from the same accident described in the related case of *Swick v.*

*Benscoter and Meitzler*, 462 F.Supp. 24 (E.D.Pa.), decided this same date, except that decedent's sister, H. Pam Stover, has been appointed his administratrix ad prosequendum. However, this particular appointment in itself does not change the court's reasoning in granting defendants' Motion for Summary Judgment, as it appears that jurisdiction again has been clearly "manufactured" for the purpose of creating diversity.

The fact that the sister might share in the distribution of any award in a death action under New Jersey law can be handled at least as easily in a Pennsylvania state court as it could be in a federal court.

In the present case, the parents of the decedent also were appointed administrators in Pennsylvania and could have served as administrators ad prosequendum in New Jersey. The parents in their fiduciary capacities have filed suit in the Court of Common Pleas of Northampton County. There seems to be no reason for not appointing the parents of the decedent as administrators ad prosequendum except for the desire of the plaintiff to manufacture diversity.

Therefore, the court will grant defendants' Motion for Summary Judgment and will enter an appropriate order.