610 A.2d 53

**Arvilla M. TONER, Appellant,**

v.

**NATIONWIDE INSURANCE CO.**

Superior Court of Pennsylvania.

Argued April 8, 1992.

Filed June 30, 1992.

James A. Nettleton, Jr., York, for appellant.

John D. Briggs, Harrisburg, Donald R. Dorer, Camp Hill, for appellee.

Before OLSZEWSKI, BECK and HOFFMAN, JJ.

HOFFMAN, Judge.

This is an appeal from a judgment entered on August 13, 1991, granting judgment on the pleadings in favor of appel-

lee, Nationwide Insurance Company and against appellant, Arvilla M. Toner. Appellant's sole claim on appeal is that the three (3) year limit of liability for medical expenses provided by 75 Pa.C.S.A. § 1715(a)(5) should be stricken because it conflicts with the stated purpose of the Motor Vehicle Financial Responsibility Law (MVFRL). For the following reasons, we affirm.

Appellant, Arvilla M. Toner, sustained injuries as a result of an automobile accident occurring on August 6, 1986. At the time of the accident, she was insured by appellee, Nationwide Insurance Company. Appellant carried "combined loss benefits" coverage of $277,500.00 pursuant to 75 Pa.C.S.A. § 1715(a)(5). Through 1989, appellee paid in excess of $6,000.00 in benefits to appellant for injuries arising from the accident. However, after August 5, 1989, appellee denied responsibility for appellant's continuing medical expenses, claiming that under § 1715(a)(5), there is a three year limit of liability on continuing medical care. Appellant filed complaint August 3, 1990, and appellee filed its answer with new matter on April 1, 1991. Following appellant's timely response to the new matter, appellee filed a motion for judgment on the pleadings. This motion was granted by an order dated August 13, 1991. The court found that because the three (3) year limit of liability under § 1715 did not produce an absurd result, the clear language of the statute should be enforced. This timely appeal followed.

Appellant's sole contention is that the three (3) year limit on liability for medical expenses as set forth in 75 Pa.C.S.A. § 1715(a)(5) provides an absurd result which is contrary to public policy and is in conflict with the stated purpose of the MVFRL which is to provide insured persons with reimbursement for medical expenses "all without limitation as to time." We find appellant's claim unpersuasive.

Preliminarily, we note that our scope of review is plenary when reviewing a trial court's decision to grant judgment on the pleadings. *Klebach v. Mellon Bank, N.A.,* 388 Pa.Super. 203, 206, 565 A.2d 448, 449 (1989); *Keystone Automated Equip. Co. Inc. v. Reliance Insurance Co.,* 369

Pa.Super 472, 475, 535 A.2d 648, 649, *allocatur denied,* 519 Pa. 654, 546 A.2d 59 (1988). Our appellate role is to determine if the action of the trial court was based on a clear error of law or whether there were facts disclosed by the pleadings which should properly go to the jury. *Vogel v. Berkley,* 354 Pa.Super. 291, 296, 511 A.2d 878, 880 (1986). Judgment on the pleadings may only be granted where no material facts are in dispute and the case is free from doubt so that a trial would clearly be a fruitless exercise. *Keystone Automated Equip. Co. Inc., supra.*

The complaint filed by appellant indicated that she had "combined loss benefit" coverage pursuant to 75 Pa.C.S.A. § 1715(a)(5), which provides in relevant part:

(a) *General Rule*-An insurer shall make available for purchase first party benefits as follows:

.    .    .    .    .

(5) For combinations of benefits enumerated in paragraphs (1), (2), (3) and (4) and subject to a limit on the accidental death benefit of up to $25,000, and a limit on the funeral benefit of $2,500, up to at least $177,500 of benefits in the aggregate or benefits *payable up to three years from the date of the accident,* whichever occurs first, provided that nothing contained in this subsection shall be construed to limit, reduce, modify or change the provisions of subsection (d).[1]

75 Pa.C.S.A. § 1715(a)(5) (emphasis added). This provision clearly provides for a three (3) year statute of limitations when an insured elects combined benefits.

Appellant contends, however, that 75 Pa.C.S.A. § 1712(1) which provides for the payment of medical bills "without limitation as to time" is the controlling statutory provision.[2] We disagree.

---

**1.** The reference to subsection (d) is not material to the disposition of this case. In any event, the reference to subsection (d) was added in 1989 and thus would not have been in effect at the time of the accident in 1986.

**2.** 75 Pa.C.S.A. § 1712 provides in relevant part:

■ Our research has revealed no case law comparing the language of § 1712(1) and § 1715(a)(5) of the MVFRL. Consequently, this is an issue of first impression. Preliminarily, we note that, "when a statute is not ambiguous and wording [is] clear then the letter of [the] statute may not be circumvented on the pretext of pursuing its spirit." *Chesler v. Government Employees Ins. Co.*, 302 Pa.Super. 356, 360–61, 448 A.2d 1080, 1082 (1982), *reversed on other grounds*, 503 Pa. 292, 469 A.2d 560 (1983). Only when the words of a statute are unclear may a court embark upon ascertaining the intent of the legislature by reviewing the necessity of the act, the circumstances under which it was enacted, the mischief to be remedied, the object to be attained by the law and the consequences of a particular interpretation would be. *Commonwealth v. Snyder*, 385 Pa.Super. 58, 65–66, 560 A.2d 165, 169 (1989).

■ With these rules of statutory construction in mind, we find that the language of the two statutes in question is clear and unambiguous. The statute can only be interpreted to place a three (3) year limitation on the coverage at issue. This interpretation is directly supported in a treatise discussing the MVFRL entitled, *Pennsylvania Motor Vehicle Insurance: An Analysis of the Financial Responsibility Law*, (Ronca, et al. 1986), which states that:

> [t]he critical difference between the combination benefit and other available benefits is that recovery may only be

An insurer issuing or delivering liability insurance policies covering any motor vehicle of the type required to be registered under this title ... shall make available for purchase first party benefits with respect to injury arising out of the maintenance or use of a motor vehicle as follows:

   (1) **Medical benefit**-Subject to the limitation of section 1797, coverage to provide for reasonable and necessary medical treatment and rehabilitative services, including, but not limited to, hospital, dental ..., *all without limitation as to time*, ...

.   .   .   .   .

   (5) **Combination benefit**-A combination of benefits described in paragraphs (1) through (4) *as an alternative to the separate purchase of those benefits.*

.   .   .   .   .

75 Pa.C.S.A. § 1712(1), (5) (emphasis added).

made for losses incurred within three years from the date of the accident. Section 1715(a) provides as follows:

An insurer shall make available for purchase first party benefits as follows:

(5) a combination of benefits enumerated in paragraph (1) through (4) ... up to at least $227,500 of benefits in the aggregate or benefits payable within three years from the date of the accident, whichever occurs first.

Benefits are "payable" upon receipt by the insurer of reasonable proof of the amount of loss. Thus, claims under the combination benefit can only be for losses accrued within three years of the accident. If an insured had elected individual benefit limits, medical expenses and wage loss claims could be made without limit as to time, ... The three year limitation is contained in the statutory notice set forth in Section 1791.

*Id.* at 35.

█ Specific and clear statutory language cannot be ignored under the guise of liberal construction or public policy considerations. As the lower court aptly observed:

[As] sympathetic as we are to plaintiff's plea, we have great difficulty in overcoming the hurdles of clear statutory language. Although appellate decisions occasionally apply principles of public policy to insurance cases, *Donegal Mutual Insurance Company v. Long,* [387] Pa.Super. [574], 564 A.2d 937 (1989), cases generally deal with statutory and policy construction.... Furthermore, [the] Superior Court has said that the Motor Vehicle Financial Responsibility Law, *supra,* reflects a legislative purpose of restricting, not expanding first party benefits. *Huber v. Erie Insurance Exchange,* [402] Pa.Super. [443], 587 A.2d 333 (1991).

Thus even though the statute is to be liberally construed, ..., we can't ignore specific language. 1 Pa.C.S.A. 1921.

Opinion, Spicer, J., August 13, 1991 at 3. Accordingly, we affirm the judgment of the lower court granting judgment

on the pleadings in favor of appellee, Nationwide Insurance Company.

Judgment affirmed.