## Thomas v. Rensel

C.P. of Butler County, A.D. no. 01-10531.

*Matthew E. Fischer,* for plaintiffs.
*Nelson B. Gaugler,* for defendants.

SHAFFER, *J.,* January 9, 2002—Before the court are defendants' preliminary objections to plaintiffs' second

amended complaint, defendants' preliminary objections to plaintiffs' third amended complaint, and plaintiffs' preliminary objections to preliminary objections. For the reasons set forth below, plaintiffs' preliminary objections are overruled, and defendants' preliminary objections are sustained in part and overruled in part.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs claim defendants called them on the phone and knowingly made false statements that their daughter had been in a car accident, was being life-flighted to the hospital, and was not expected to live. Plaintiffs filed a complaint alleging negligence and intentional infliction of emotional distress (IIED).

The complaint had several deficiencies, including not being properly verified. Plaintiffs' attorney had signed the verification instead of the plaintiffs, and had not given a specific reason why the plaintiffs could not sign it. Defendants filed preliminary objections, claiming (1) insufficient specificity, (2) improper verification, (3) the claim for punitive damages under the count of negligence was not allowed by Pennsylvania law, and (4) failure to specifically state items of special damage.

Plaintiffs filed an amended complaint, which added a claim for exemplary and punitive damages under the IIED count. The amended complaint also had an improper verification, signed by plaintiffs' counsel with no specific reason given for the absence of plaintiffs' signatures. In addition, the copy of the amended complaint that plaintiffs' counsel sent to defense counsel was missing page four. When informed of this, plaintiffs' counsel agreed to mail the missing page to defense counsel, but

never did. Defendants filed preliminary objections, arguing that (1) plaintiffs' counsel would not send them the missing page, and (2) improper verification.

Plaintiffs filed a second amended complaint, which was an exact copy of the amended complaint down to the same improper verification. Defendants filed preliminary objections, asserting (1) improper verification and (2) requesting counsel fees under 42 Pa.C.S. §2503(7) as a sanction for the dilatory, obdurate and vexatious conduct of plaintiffs' counsel, specifically his filing of successive complaints with the same errors.

Plaintiffs' counsel wrote a letter to the court administrator requesting that defendants' preliminary objections be stricken from the argument list. Defendants filed a motion to keep them on the argument list, which was granted.

Plaintiffs submitted a substitute verification to the second amended complaint. It was proper, since it was signed by the plaintiffs. Plaintiffs then filed a third amended complaint. The third amended complaint was an exact copy of the prior two complaints, except that it had a proper verification signed by the plaintiffs. It was unnecessary for plaintiffs to file this third amended complaint, since they had already substituted a proper verification. Defendants filed preliminary objections, (1) asserting that plaintiffs' demand for punitive damages under a count of negligence is not permissible, and (2) once again requesting counsel fees as a sanction for dilatory, obdurate and vexatious conduct.

Defendants filed a motion to consolidate the arguments in their preliminary objections to the second and third amended complaints. This motion was granted.

Plaintiffs then filed a fourth amended complaint. This complaint adds a few paragraphs alleging defendants intended to cause distress to plaintiffs. It omits a claim made in the previous complaints that the defendants' representations to plaintiffs were intended to induce the plaintiffs to take action in reliance thereupon. It also drops the claim for punitive damages under the negligence count. The fourth amended complaint is poorly drafted. It is missing the heading for the IIED count, and mixes the IIED paragraphs in with the beginning paragraphs that list the parties and amount in controversy. Defendants did not file preliminary objections to this complaint.

Plaintiffs then filed preliminary objections to preliminary objections. The objections contained an improper verification signed by counsel. Plaintiffs finally submitted a proper verification nine days later.

## LEGAL ANALYSIS

Before the court are defendants' preliminary objections to plaintiffs' second amended complaint and preliminary objections to plaintiffs' third amended complaint, and plaintiffs' preliminary objections to preliminary objections. The court will first address plaintiffs' preliminary objections.

Plaintiffs object that defendants' preliminary objections to the third amended complaint were filed more than 20 days after service of the third amended complaint, in violation of Pa.R.C.P. §1026. However, defendants did not receive the third amended complaint until five days after it was filed, thus did not have a full 20

days in which to respond to it. The court will, under Pa.R.C.P. §126, construe Pa.R.C.P. §1026 liberally and disregard defendants' late filing because it does not affect the substantial rights of the parties and doing so is in the interest of justice. Thus, plaintiffs' objection is overruled.

Plaintiffs' next objection is that defendants' motion to keep preliminary objections on the argument list is improper because plaintiff filed a fourth amended complaint, which made defendants' previous preliminary objections moot. Plaintiffs' objection is improper, because nothing in Pa.R.C.P. §1028 permits a preliminary objection that challenges a motion. Also, plaintiffs did not oppose this motion when defendants brought it before the court. Therefore, plaintiffs' objection is overruled.

Although the court declines to find all of defendants' preliminary objections moot, it does conclude that two of the objections have been rendered irrelevant by the filing of plaintiffs' fourth amended complaint. Specifically, the objections alleging that plaintiffs' complaints were improperly verified, and that plaintiffs' demand for punitive damages under a count of negligence is not allowed under Pennsylvania law. Plaintiffs' fourth amended complaint contains a proper verification and it does not contain a demand for punitive damages under the count of negligence. These objections are therefore overruled.

Defendants' remaining preliminary objection, asking for sanctions in the form of counsel fees under 42 Pa.C.S. §2503(7), is still relevant. Defendants argue that plaintiffs' counsel acted in a dilatory, obdurate and vexatious manner during the pleadings stage of this case.

Plaintiffs' last preliminary objection argues that defendants' request for sanctions is not a permissible preliminary objection under Pa.R.C.P. §1028. The court agrees. However, requiring defendants to prepare a motion asking for counsel fees, which would most likely have the same wording as the preliminary objection, would serve no purpose and waste time. The court, under Pa.R.C.P. §126, will liberally construe section 1028 in order to seek a just and inexpensive determination of this issue. The court will consider defendants' request for sanctions as set out in defendants' preliminary objections and will treat the request as a motion for counsel fees.

Any participating party may be awarded reasonable counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter. 42 Pa.C.S. §2503(7). Any such award of counsel fees must be supported by a specific finding of dilatory, obdurate or vexatious conduct by the trial court. *Township of South Strabane v. Piecknick,* 546 Pa. 551, 686 A.2d 1297 (1996). In this case, the court finds that plaintiffs' counsel's actions were dilatory, obdurate and vexatious.

"Dilatory" is defined as "tending to cause delay." Black's Law Dictionary (7th Ed.). "Obdurate" is defined as "resistant to persuasion or softening influences: inflexible, unyielding." Webster's 3rd New International Dictionary of the English Language. "Vexatious" is defined as "without reasonable or probable cause or excuse; harassing; annoying." Black's Law Dictionary. (7th Ed.).

It is clear that plaintiffs' counsel's conduct in this case was dilatory and vexatious. Counsel had no reasonable basis for his conduct and his conduct was intended to cause a delay and be annoying. Counsel filed improper verifications with three of his five complaints, knowing that defendants cannot properly cross-examine the plaintiffs without a proper verification. He sent defense counsel a complaint with a page missing and failed to send them the missing page for five weeks after they requested it. Counsel filed three complaints in a row with the same exact wording, the only difference being that one of the three had a proper verification. He filed a third amended complaint with the same exact wording as the prior two complaints for no discernible reason. He then filed a fourth amended complaint which contains a missing count heading and other structural problems, none of which were in the prior four complaints. He persisted in filing successive complaints with identical errors. Counsel claims he was trying to keep this case moving, but his actions brought this case to a standstill.

Counsel's conduct was also obdurate, as he was resistant to persuasion and inflexible. Despite defense counsel's numerous preliminary objections, requests for sanctions, and threats to report counsel to the Disciplinary Board, counsel continued his dilatory and vexatious conduct by filing successive complaints that had no substantial difference between them, by filing successive complaints without fixing errors pointed out to him, and by refusing to provide all of the pages of a complaint to defense counsel.

Because plaintiffs' counsel's conduct during this case was dilatory, obdurate and vexatious, the court awards defense counsel reasonable counsel fees.

## ORDER

And now, January 9, 2002, upon presentation of defendants' preliminary objections to plaintiffs' second amended complaint, defendants' preliminary objections to plaintiffs' third amended complaint, and plaintiffs' preliminary objections to preliminary objections, it is ordered that defendants' preliminary objections to improper verification and to the claim for punitive damages under a negligence count are overruled, as plaintiffs' fourth amended complaint has rendered them irrelevant. It is further ordered that defendants' request for reasonable counsel fees is granted. Plaintiffs' counsel is ordered to pay defense counsel $500 in counsel fees for dilatory, obdurate and vexatious conduct. It is further ordered that plaintiffs' preliminary objections are overruled.