**Estate of Carvalho v. Kasak**

C.P. of Monroe County, no. 1241 CV 2004.

*Kevin P. Foley* for plaintiff.
*Stephen W. Zakos,* for defendants Rudolph and Helen Kasak.

CHESLOCK, *J.,* August 11, 2004—This matter is before the court on defendant Richard Kasak's (defendant) and defendants Rudolph and Helen Kasak's motion for judgment on the pleadings. The procedural history of this case is as follows: plaintiff, The Estate of Jeffrey Carvalho (deceased minor), by and through his parents, Michael Carvalho and Cynthia Carvalho, commenced this action by complaint filed February 20, 2004. Defendants Rudolph and Helen Kasak (Kasaks) filed an answer with new matter on April 30, 2004. Defendant filed his answer and new matter on May 24, 2004. On June 24, 2004, defendant filed a motion for judgment on the pleadings, a praecipe for argument and a memorandum in support of the motion. On June 29, 2002, Kasaks filed a motion for judgment on the pleadings, a praecipe

for argument and a memorandum in support of the motion.

Plaintiff filed a praecipe to attach verification to complaint on June 30, 2004. Defendant then filed a motion to strike plaintiff's praecipe to attach verification to complaint on July 13, 2004. On July 14, 2004, this court issued an order consolidating the issues of the motions for judgment on the pleadings and motion to strike plaintiff's praecipe to attach verification to complaint for argument. On July 30, 2004, plaintiff filed a memorandum in opposition to the motions for judgment on the pleadings. On August 2, 2004, we heard oral arguments from the parties and we are now prepared to dispose of these matters.

This case arises from a fatal accident occurring on or about June 2, 2002, when defendant operated a vehicle, owned by the Kasaks, and failed to negotiate a curve, on Hidden Lake Road in Middle Smithfield Township, and struck a tree. At the scene of the accident, Jeffrey Carvalho and Michael Treible were pronounced dead by the Monroe County Deputy Coroner, Cindy Skrzypek. Plaintiff filed this action in February 2004.

In the motions for judgment on the pleadings, defendant and Kasaks aver that the complaint filed in this matter did not contain a verification as required by Pa.R.C.P. 1024 and, also, that the complaint was improperly pled in that it was not brought by a proper party as required by Pa.R.C.P. 2202. Defendant also requests that the plaintiff's praecipe to attach verification to complaint be struck. Defendant and Kasaks request this court to enter judgment in their favor and, in essence, dismiss plaintiff's complaint against them.

A motion for judgment on the pleadings is in effect a demurrer. *Bykowski v. Chesed Co.,* 425 Pa. Super. 595, 598, 625 A.2d 1256, 1258 (1993) (citing Standard Pennsylvania Practice 2d §31:18). In applying the same principles as a demurrer, all averments of fact properly pleaded must be taken as true, or as admitted, unless their falsity is apparent from the record. *Id.* Judgment on the pleadings may only be granted where no material facts are in dispute and the case is free from doubt so that a trial would clearly be a fruitless exercise. *Id.,* citing *Toner v. Nationwide Insurance Co.,* 415 Pa. Super. 617, 620, 610 A.2d 53, 55 (1992).

With the above standard in mind, we turn to the issue of the failure of plaintiff to attach verification to the complaint. Pa.R.C.P. 1024 states,

"(a) Every pleading containing an averment of fact not appearing of record in the action or containing a denial of fact shall state that the averment or denial is true upon the signer's personal knowledge or information and belief and shall be verified. The signer need not aver the source of the information or expectation of ability to prove the averment or denial at the trial. A pleading may be verified upon personal knowledge as to a part and upon information and belief as to the remainder.

"(b) If a pleading contains averments which are inconsistent in fact, the verification shall state that the signer has been unable after reasonable investigation to ascertain which of the inconsistent averments, specifying them, are true but that the signer has knowledge or information sufficient to form a belief that one of them is true.

"(c) The verification shall be made by one or more of the parties filing the pleading unless all the parties (1) lack sufficient knowledge or information, or (2) are out-

side the jurisdiction of the court and the verification of none of them can be obtained within the time allowed for filing the pleading. In such cases, the verification may be made by any person having sufficient knowledge or information and belief and shall set forth the source of the person's information as to matters not stated upon his or her own knowledge and the reason why the verification is not made by a party."

Defendant and Kasaks argue that without the verification the complaint is nothing and is a nullity. We note that Goodrich-Amram states, "the requirement of a verification is not waivable because without it a pleading is mere narration, and amounts to nothing." *Atlantic Credit and Finance Inc. v. Giuliana,* 829 A.2d 340, 344 (Pa. Super. 2003) (citing Goodrich-Amram 2d §1024(a):1). However, in Pennsylvania, amendments are allowed with great liberality at any stage of the case unless they violate the law, *i.e.,* by introducing a new cause of action after the statute of limitations had run or prejudicing the rights of opposing parties. *Miners Savings Bank of Pittston v. Naylor,* 342 Pa. 273, 279, 20 A.2d 287, 291 (1941).

Instantly, we note that the complaint was filed without a verification, however, plaintiff filed a praecipe to attach verification to complaint on June 30, 2004. Although the defendant and Kasaks argue that we can dispose of this matter by a motion for judgment on the pleadings, we believe that the proper procedure would be to file preliminary objections. We find that Rule 1032 is relevant here. Pa.R.C.P. 1032(a) states, in pertinent part, "a party waives all defenses and objections which are not presented either by preliminary objection, answer or

reply, except a defense which is not required to be pleaded under Rule 1030(b), . . . and any other nonwaivable defense or objection." In the instant matter, we find that the failure to file an objection for failure of plaintiff to conform to law or rule of court, *i.e.,* lack of verification, constitutes a waiver of the issue. The fact that plaintiff filed a praecipe to attach the verification to the complaint makes the issue moot. Moreover, Goodrich-Amram 2d states, "[a] defective verification must be attacked promptly by preliminary objection. Such an error cannot be first raised in a brief in support of some other objection. If the party affected does not object to the defects in a verification, the objection is waived. A court should not raise the defect sua sponte." Goodrich-Amram 2d §1024(a):6 Wests, 2001. Hence, we deny defendant and Kasaks' motion for judgment on the pleadings on this issue.

We find from the facts in this case that the defendant and Kasaks were properly served with the complaint, and that the matter was commenced as a wrongful death action. Plaintiffs filed their action within the statute of limitations and neither defendant nor Kasaks have demonstrated any prejudice by the attachment of the verification to the complaint. We are not persuaded by their arguments. Moreover, as stated above, we believe that the proper procedure for challenging the lack of a verification attached to the complaint was by means of preliminary objections. The Superior Court has described an incorrect verification as being a "de minimis technical" nature which does not prejudice the substantial rights of the defendant. *Lewis v. Erie Insurance Exchange,* 281 Pa. Super. 193, 199, 421 A.2d 1214, 1217 (1980). We believe therefore that the defendant and Kasaks have not

been prejudiced by the attachment of the verification to plaintiff's complaint. We also believe the issue has been waived by defendant and Kasaks' failure to file preliminary objections. Although there was no verification on plaintiff's complaint at the time of initial filing, the issue has been waived and we will not strike the plaintiff's praecipe to attach verification to complaint.

Next we consider the issue of whether the complaint was properly pled by a proper party. Pa.R.C.P. 2202 states,

"(a) Except as otherwise provided in clause (b) of this rule, an action for wrongful death shall be brought only by the personal representative of the decedent for the benefit of those persons entitled by law to recover damages for such wrongful death.

"(b) If no action for wrongful death has been brought within six months after the death of the decedent, the action may be brought by the personal representative or by any person entitled by law to recover damages in such action as trustee ad litem on behalf of all persons entitled to share in the damages.

"(c) While an action is pending it shall operate as a bar against the bringing of any other action for such wrongful death."

Based upon the language contained in Rule 2202, it is clear that the plaintiff as designated in the caption is not the proper party. However, Rule 2202 is a procedural rule which provides how a wrongful death action is commenced. *Usner v. Duersmith,* 346 Pa. 494, 496, 31 A.2d 149, 150 (1943). The rules are to be interpreted with common sense to carry out the purposes for which they were enacted. *Id.* Instantly, the parents of the decedent

commenced this action by complaint. The parents have a right to recover for wrongful death of their child. *Id.* "The purpose of the wrongful death statute is to compensate certain of a decedent's survivors for pecuniary losses they have sustained as a result of a decedent's death." *Sedia v. Diggs,* 42 D.&C.3d 307, 309-10 (Bucks Cty. 1986). In *Usner,* the Pennsylvania Supreme Court granted the plaintiff leave to amend the caption to conform to Rule 2022, even after the statute of limitations had run. We find the error is purely technical in nature and we will allow plaintiff to amend the caption to name the proper party pursuant to Rule 2022. Further, we do not believe that a motion for judgment on the pleadings was the proper vehicle to object to the improper party. We believe that the proper procedure would be to file preliminary objections. As we stated above, no prejudice was set forth by any of the opposing parties and we do not believe that there was any prejudice to any party. Hence, we find that there are material facts in dispute in this matter and we deny defendant and Kasaks' motion for judgment on the pleadings on this issue.

Accordingly, based upon the foregoing, we enter the following:

## ORDER

And now, August 11, 2004, upon consideration of the defendant and Kasaks' motions for judgment on the pleadings and defendant's motion to strike plaintiff's praecipe to attach verification to complaint and plaintiff's responses thereto, the defendant and Kasaks' motions for judgment on the pleadings and defendant's motion to strike plaintiff's praecipe to attach verification to complaint are hereby denied.