## Smith v. Hemphill

C.P. of Chester County, No. 2012-04425

*Barry R. Rothman*, for plaintiffs
*John F. Bradley*, for defendants

TUNNELL, *J.*, Nov. 14, 2014—

### ORDER

And now, this 14th day of November, 2014, the plaintiff's petition for attorney's fees pursuant to 42 Pa. C.S.A. §2503 and Pa. R.C.P. 1023.1 is denied.[1]

---

1. Pa. R.C.P. 1023.1

Rule 1023.1 was promulgated by the Supreme Court of Pennsylvania to provide trial courts with a procedure to deter groundless and abusive litigation practices in civil litigation. In summary, it provides

that all pleadings must be signed, and thus certified, by an attorney of record (or pro se litigant) which represents to the court that he or she has read the pleading and, to the best of his or her knowledge, information and belief, formed after an inquiry reasonable under the circumstances, that: (1) it is not being presented for any improper purpose, such as to harass or cause unnecessary or needless increase in cost of litigation; (2) the claims, defenses and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification or reversal of existing law or the establishment of new law; (3) the factual allegations have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual allegations are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief. Thus, unlike former Rule 1023, which merely requires documents to be submitted to the court in "good faith," Rule 1023.1 requires a pre-filing inquiry to both the facts and the law set forth in submissions to the court. No longer may an attorney blindly sign on the client's word.

A few things are obvious: an averment made in the teeth of documents to the contrary violates Rule 1023.1. So does an argument of law without citation, or an argument supposedly for good faith modification or reversal that does not mention directly contrary authority. In other words, where it is clear that a claim has absolutely no chance of success under existing precedent, Rule 1023.1 has been violated. *See generally* Thomas G. Wilkinson, Jr., Sanctioning Power Available to Pennsylvania Trial Judges in Civil Litigation — With an Emphasis on Pennsylvania's New Rule of Civil Procedure 1023.1 (unpublished presentation to the Conference of Pennsylvania State Trial Court Judges) (on file with the court) (2002).

Under Rule 1023.1, the person signing, filing or later advocating a pleading has a non-delegable responsibility to the court; in most situations, this is the individual who will be sanctioned for the offending conduct. *See* Pa. R.C.P. 1023.1, explanatory comment.

Mechanically, motions for sanctions under Rule 1023.1 must be submitted separately from any other motion, describe the specific conduct which violated the rule, and must be filed before the entry of final judgment. *Id.* Nor may Rule 1023.1 motions be filed until at least twenty-eight (28) days after a written demand has been served upon the alleged offender. If the violation is cured within the 28-day period, as by withdrawing or correcting the challenged paper, then the motion becomes moot and may not be filed with the court. This is intended to provide a type of "safe harbor". Where, however, the alleged offender fails to do so within 28 days after having been served with a written demand, then consideration of the motion is appropriate. The motion should include (1) a certification from the movant verifying that written notice and a demand to correct was sent to the offender, and (2) include a copy of the notice and demand. It is necessary that the notice demand identify with specificity the portions of the challenged pleading believed to have vio-

lated Rule 1023.1, and set forth with specificity the basis for that relief.

If after notice and reasonable opportunity to respond the trial court determines that Rule 1023.1 has been violated, it may impose an appropriate sanction upon the individual responsible for the violation. The court should describe in its written order or on the record the conduct determined to be a violation of Rule 1023.1 and explain the basis for the sanction imposed. See Pa. R.C.P. 1023.4(c) and explanatory comment.

The rule does not attempt to enumerate an inclusive list of every possible sanction that could be prescribed for violations of the rule. It does provide some examples of potential sanctions, which include an order directing payment to the movant of some or all of the reasonable attorneys' fees and expenses incurred as a direct result of the violation. Pa. R.C.P. 1023.4(a)(2)(iii).

The court has significant discretion in determining whether or not to impose sanctions. Sanctions should be granted sparingly lest they have a chilling effect on the right of all parties to litigate a controversy to conclusion. *Com. v. Jash Int'l., Inc.*, 847 A.2d. 125, 134 (Cmwlth. Ct. 2004).

After receiving the defendant's answer and counterclaims, counsel for the plaintiff wrote a letter on September 24, 2012 requesting that the defendant withdraw the counterclaims. This, plaintiff contended, was being presented for the improper purpose of harassing and to cause unnecessary delay and needless increase in the cost of litigation. Defendant declined to do so. In the response of Lawrence E. Wood, Esquire to plaintiff's motion for counsel fees and costs, and as he argued during oral argument, the new matter and counterclaims were based on the facts perceived by the defendant at that time and conveyed to counsel. Plaintiff points out that the matter was submitted to an arbitration panel which found in its favor. Defendant countered that the adverse award was based on testimony that had to be presented under severe time constraints. Defendant's counsel felt that there was good reason to appeal it. Finally, counsel signed all pleadings in good faith and in the belief that the evidence warranted taking the positions.

During oral argument, plaintiff baldly reiterated that the defendant's claims were not supported in law or in fact. Certainly the defendant lost at trial, but that was based on credibility determinations.

42 Pa. C.S.A. §2503(7), (9)

Under the "American Rule," parties to litigation are responsible for their own counsel fees unless otherwise provided by statutory authority, agreement of the parties, or some other recognized exception. *Mrozek v. Exter*, 805 A.2d 535, 538 (Pa. Super. 2002).

The judicial code permits the award of attorney's fees in order to curb the filing of frivolous and otherwise improperly brought lawsuits, as our Supreme Court has noted on a number of occasions. *See Old Forge School Dist. v. Highmark, Inc.*, 592 Pa. 307, 924 A.2d 1205 (2007); and *Thunberg v. Strause*, 545 Pa. 607, 616, 682 A.2d 295, 300 (1996).

The judicial code provides at 42 Pa. C.S.A. §2503 in relevant part: The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

* * *

(7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct *during the pendency* of a matter . . .

* * *

(9) Any participant who is awarded counsel fees because the conduct of another party in *commencing the matter* or otherwise was arbitrary, vexatious or in bad faith. (Emphasis added)

Section 2503(7), by its very terms, relates to conduct that takes place during the pendency of a matter. Section 2503(9) on the other hand is concerned with the parties' conduct in commencing a matter; the courts have construed the words "or otherwise" to refer to a party's conduct in raising *defenses. White v. Redevelopment Auth.*, 451 A.2d 17 (Pa. Cmwlth. 1982), *Slappo v. J's Dev. Assoc., Inc.*, 791 A.2d 409, fn. 3 (Pa. Super. 2002), *Norris v. Commonwealth*, 634 A.2d 673 (Pa. Cmwlth. 1993).

"Participant" is defined as "litigants, witnesses and their counsel."

"Arbitrary" for purposes of §2503(9) means "filed without reason." *Berg v. Georgetown Builders, Inc.*, 822 A.2d 810, 819 (Pa. Super. 2003). The term "obdurate" means "resistant to persuasion, inflexible or unyielding." *McDade v. Garland*, 10 Pa. D. & C.4th 198 (Butler Co. 1991), *Thomas v. Rensel*, 59 Pa. D. & C.4th 150 (Butler Co. 2002), or being "stubbornly persistent in wrongdoing". *In Re: Estate of Burger*, 852 A.2d 385 (Pa. Super. 2004). Conduct is "vexatious" if suit has been brought without sufficient grounds in either law or in fact and if the suit has served the sole purpose of causing annoyance. *Thunberg v. Strause, supra.*

Because the language of the statute is in the disjunctive, a trial court may make an award when a participant's conduct embraces any of the definitions. *Estate of Roos*, 451 A.2d 255, fn. 2 (Pa. Super. 1982). The court's decision concerning an award of counsel fees will not be disturbed absent an abuse of discretion. *Brenckle v. Arblaster*, 466 A.2d 1075 (Pa. Super. 1983). However, an award by the court requires the court to make specific findings of fact to support the award. *Kulp v. Krivnak*, 765 A.2d 796 (Pa. Super. 2000).

While an attorney is not obliged to conduct such a thorough investigation prior to bringing action that discovery is not needed, an attorney, in order to avoid sanctions, is obliged to conduct at minimum a reasonable preliminary investigation to insure that there are sufficient facts which, if believed, would warrant bringing a specific claim against a particular party. *Thunberg v. Strause, supra.*

An illustration of the application of this doctrine is the case of *In Re: Estate of Liscio*, 638 A.2d 1019 (Pa. Super. 1994). In that case, Mrs. DePerna filed an action against the estate of her natural father with the knowledge that she had been adopted and that the law prohibited adopted children from recovering against estates of their natural parents. The claim prolonged the litigation and unnecessarily delayed the distribution of the estate. The child's claim was clearly barred by statute,

but she sought to avoid the effect of the statute by trying to assert a public policy argument: the natural father did not receive notice of the adoption proceeding or give consent to it. The court dismissed counsel's assertion that the argument was in good faith because the law at the time clearly only required the consent of the natural mother. In reinstating that award, the court expressed the following rationale: If Mrs. DePerna's claim would have been merely weak and subsequently found devoid of merit, it would not necessarily have equated with conduct that is arbitrary, vexatious or in bad faith. However, because Mrs. DePerna's claim had no reasonable possibility of success and costs thousands of dollars in attorneys' fees, her conduct was of the type envisioned by the statute permitting an award of attorneys' fees. *Estate of Liscio, supra,* 638 A.2d at 1022.

In a case that went to the Supreme Court, *Thunberg v. Strause, supra,* the Supreme Court reinstated the trial court's award of counsel fees against the plaintiff who had filed suit against the estate of a man she had killed in an automobile collision. At the time of his death, the decedent had been traveling in his proper lane of traffic and plaintiff crossed a four-lane divided highway and struck the decedent's vehicle head-on. Plaintiff, however, without conducting any investigation or having any factual support of her claim, initiated a suit in which she alleged that the decedent was negligent in failing to avoid the accident. Her attorney conceded that he had undertaken virtually no pre-filing investigation and had no evidence which would have supported his theory of negligent avoidance. This clearly demonstrated that there was no reasonable basis for the underlying suit.

In *Bykowski v. Chesed Co.,* 625 A.2d 1256 (Pa. Super. 1993), the Superior Court affirmed an award of counsel fees in the case where the trial court found that the plaintiff had acted "vexatiously" in continuing suit against a defendant who did not own the property where the alleged injury occurred. The court determined that the plaintiff improperly sued people having no connection with the incident, and failed to agree to removal of those parties when the error was repeatedly brought to his attention and, by failing to respond to a motion for a judgment on the pleadings, he forced the defendants to appear and argue his motion to extract themselves from a lawsuit that they should not have been brought into in the first place. *Id.* at 1259. These facts were sufficient for the Superior Court to conclude that "[c]learly . . . appellant's conduct in not responding and in continuing the suit and this appeal against the appellees was vexatious." *Id.*

In *American Mut. Liab. Ins. Co. v. Zion & Klein, P.A.,* 489 A.2d 259 (Pa. Super. 1985), a judgment creditor's attempt to use an invalid default judgment to force a garnishee to settle or obtain payment of the judgment creditor's claim against the judgment debtor was without legal support and justified an award of counsel fees. The court noted that the garnishee was entitled to collect those attorneys' fees from the party, rather than being required to pursue the assessment from the party's counsel, even if the arbitrary and vexatious conduct supporting the award was the prod-

uct of said counsel's belligerence.

On the other hand, the plaintiff in the case of *McLaughlin v. Gerdts*, 19 Pa. D. & C.3d. 293 (Warren Co. 1981), argued that because defendants refused to pay in accordance with a payment schedule as work progressed on a new house, they acted arbitrarily, vexatiously or in bad faith all to the expense of the plaintiff, who incurred counsel fees *to collect the same*. The court observed that every litigant contemplating commencing an action or defending one should not be automatically confronted with the unhappy thought that he may have to pay his opponent's counsel fees if he is unsuccessful, irrespective of the reason for the dispute. *Id.*, at 298-299. In the case of *Diener Brick Co. v. Mastro Masonry Contractor*, 885 A.2d 1034 (Pa. Super. 2005), plaintiff, a brick supplier, sued the general contractor for not paying for deliveries of brick. Defendant filed a counterclaim for tortious interference with prospective contractual relations, which it withdrew as trial began. The trial court determined this to warrant the imposition of attorney's fees. On appeal, the Superior Court noted that there is no authority to support the principle that a party who waits until the start of trial to withdraw a claim has exhibited conduct worthy of the sanction of the imposition of counsel fees, *Id.* at 1043, and so reversed the trial court's award.

The plaintiff is incensed at this litigation. His counsel repeatedly described it as just "a collection case." He apparently expected the opponent to simply yield. Ultimately his cause was successful. He could not resist the temptation to be sanctimonious as well. The court sat through three hearing days listening to the dispute. Having practiced trial law for 34 years before attaining the bench, and in the three years since, the court believes it knows a frivolous case when it sees it. The defense of this case was not frivolous; neither was it arbitrary or vexatious. The court draws a necessary distinction between an unsuccessful defense and one that is merely frivolous and interposed for delay. Indeed, the defense had some chance of success. The counterclaims, one for breach of contract and the other for tortious interference with contractual relations, were dubious in retrospect. Had defendant but remembered to bring his documentary evidence to trial, he might have fared better.

Defendant's counsel was no dilettante. Lawrence E. Wood, Jr., Esquire is an esteemed member of the trial bar as well as a former judge who spent a quarter-century on this bench. He is a quiet and reflective individual, and the last person to engage in baseless litigation. The court cannot ignore these facts when deliberating on this request for sanctions. The court believes that the defendant did no more than carry out its claim to conclusion.

*Plaintiff* is to be blamed for naming defendant's principal, Brian Hemphill, as an individual party defendant through the end of trial, for no reason apparent to the court. This could well rise to the level of obdurate conduct.

In sum, defendant's actions were not sufficiently sinister to support an award of attorney's fees.