J-A19021-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MATTHEW WEISBERG D/B/A WEISBERG LAW | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| ETHEL BANSLEY F/K/A ETHEL CRISALLI, JOHN APPLETON D/B/A POWELL & APPLETON, P.C. F/D/B/A NOGI, APPLETON, WEINBERGER AND WREN, P.C., NOGI, APPLETON, WEINBERGER AND WREN, P.C., POWELL AND APPLETON, P.C., JOHN MULCAHEY D/B/A MUNLEY LAW, P.C., MUNLEY LAW, P.C., EDWARD MCKARSKI D/B/A LAW OFFICE OF EDWARD MCKARSKI, AND LAW OFFICE OF EDWARD MCKARSKI | : : : : : : : : : : : : : | |
| | : | |
| Appellees | : | No. 695 MDA 2021 |

Appeal from the Order Entered May 20, 2021
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s): 2020-04432

BEFORE: BOWES, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KING, J.: **FILED: FEBRUARY 14, 2023**

Appellant, Matthew Weisberg d/b/a Weisberg Law, appeals from the order entered in the Lackawanna County Court of Common Pleas, which sustained the preliminary objections filed by Appellees, Ethel Bansley f/k/a Ethel Crisalli ("Bansley"), John Appleton d/b/a Powell & Appleton, P.C., f/d/b/a

_____

[*] Former Justice specially assigned to the Superior Court.

Nogi, Appleton, Weinberger & Wren, P.C., Nogi, Appleton, Weinberger & Wren, P.C., Powell & Appleton, P.C., (collectively, "Appleton Defendants" or "Appleton"), John Mulcahey d/b/a Munley Law, P.C., Munley Law, P.C., (collectively, "Mulcahey Defendants" or "Mulcahey"), Edward McKarski d/b/a Law Office of Edward McKarski, and Law Office of Edward McKarski, (collectively, "McKarski Defendants"), and dismissed Appellant's Dragonetti Act claims.[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  In October 2015, the Appleton Defendants, through the Mulcahey Defendants, filed suit against Appellant and Bansley for wrongful use of civil proceedings[2]

_____

[1] 42 Pa.C.S.A. §§ 8351-8354.

[2] The Dragonetti Act is a statute codifying the common law tort of wrongful use of civil proceedings.  A Dragonetti Act claim for wrongful use of civil proceedings is described in pertinent part by statute as follows:

**§ 8351. Wrongful use of civil proceedings**

(a) Elements of action.—A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings [if]:

(1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing proper discovery, joinder of parties or adjudication of the claim which the proceedings are based; and

(2) The proceedings have terminated in favor of the person against whom they are brought.

*(Footnote Continued Next Page)*

- 2 -

("the 2015 action") stemming from an earlier legal malpractice suit.[3]  Bansley, through the McKarski Defendants, filed a crossclaim against Appellant on March 11, 2016.  Appellant filed preliminary objections to the Appleton Defendants' complaint, which the court sustained and dismissed Appellant from the 2015 action on April 15, 2016.  The court subsequently sustained Appellant's preliminary objections to Bansley's crossclaim and dismissed the crossclaim with prejudice on December 12, 2016.  On July 10, 2017, the Appleton Defendants filed a *praecipe* for discontinuance with prejudice.  That same day, the clerk entered an order for discontinuance.

Appellant initiated the instant matter on August 5, 2019, by filing a complaint in the Philadelphia County Court of Common Pleas.  He thereafter filed an amended and second amended complaint.  The second amended complaint filed on January 8, 2020, included count I—wrongful use of civil proceedings against the Appleton Defendants and Mulcahey Defendants; and count II—wrongful use of civil proceedings against the McKarski Defendants and Bansley.  Appellant's claims were based on the allegedly improper filing

---

42 Pa.C.S.A. § 8351(a).

[3] The trial court opinion sets forth a detailed factual and procedural history not only of the instant case, but also of the preceding matters that ultimately formed the basis for the instant Dragonetti Act claims.  Accordingly, we refer the reader to that opinion for a more detailed history of those facts that are not germane to the instant appeal.  (*See* Trial Court Opinion, 5/20/21, at 2-13).

of the 2015 action against Appellant, and Bansley's related crossclaim against Appellant. On July 30, 2020, the trial court sustained preliminary objections challenging venue and transferred the matter to Lackawanna County.

On November 16, 2020, Appellees filed preliminary objections which, *inter alia*, raised a statute of limitations defense asserting that Appellant filed his complaint beyond the applicable two-year statute of limitations. Appellant responded to the preliminary objections, but he did not file preliminary objections to Appellees' preliminary objections or seek to strike the statute of limitations affirmative defense. The court directed the parties to file supplemental briefs regarding the statute of limitations issue and entertained argument on the parties' respective positions on February 19, 2021.

On May 20, 2021, the court issued an order and opinion sustaining Appellees' preliminary objections. The trial court decided that the 2015 action was terminated when the Appleton Defendants voluntarily discontinued it with prejudice on July 10, 2017. The court also found that the instant claims for wrongful use of civil proceedings, filed two years and twenty-six days after termination of the 2015 action, was time barred by the applicable two-year statute of limitations period. Accordingly, the court dismissed Appellant's claims against all defendants. Appellant filed a timely notice of appeal on June 1, 2021. That same day, the court ordered Appellant to file a concise statement of errors complained of on appeal in accordance with Pa.R.A.P. 1925(b). Appellant timely filed his concise statement on June 21, 2021.

Appellant raises two issues on appeal.

1. Whether the trial court erred in taking judicial notice that the Clerk of Judicial Records "immediately gave written notice of the entry of the discontinuance order" to Appellant in the underlying Dragonetti matter where the docket for the underlying Dragonetti matter contradicts such a mailing occurred and Appellant averred in the operative complaint that he did not receive any such mailing?

2. Whether the trial court erred in determining that the final order in the underlying Dragonetti matter was not appealable when it failed to consider the previously-entered, interlocutory orders that aggrieved there-co-defendant, Bansley?

(Appellant's Brief at 4) (unnecessary capitalization omitted).

Preliminarily, we consider whether the trial court had the authority to consider the statute of limitations defense raised in Appellees' preliminary objections. "Generally, a statute of limitations defense is properly raised in new matter and not in preliminary objections." *Sayers v. Heritage Valley Med. Grp., Inc.*, 247 A.3d 1155, 1159 (Pa.Super. 2021) (citing Pa.R.C.P. 1030(a) (stating: "all affirmative defenses including but not limited to the defenses of...statute of limitations...shall be pleaded in a responsive pleading under the heading 'New Matter'")). When a statute of limitations defense is raised via preliminary objections, the proper challenge is to file a preliminary objection to strike the preliminary objection for failing to comply with the rule of court. *Devine v. Hutt*, 863 A.2d 1160, 1167 (Pa.Super. 2004).

However, in *Sayers, supra*, this Court explained that "while [an] affirmative defense…is generally to be [pled] in new matter, an affirmative

- 5 -

defense may be raised by way of preliminary objections where it is established on the face of the complaint, or where the plaintiff fails to object to the procedural irregularity." *Sayers, supra* at 1160 (quoting *Pelagatti v. Cohen*, 536 A.2d 1337, 1346 (Pa.Super. 1987), *appeal denied*, 519 Pa. 667, 548 A.2d 256 (1988)) (emphasis and footnote omitted).

Here, Appellees did not raise the statute of limitations defense in a new matter. Rather, they first raised their statute of limitations defense via preliminary objections to Appellant's second amended complaint after the action was transferred to Lackawanna County. Nevertheless, Appellant did not file preliminary objections to Appellees' preliminary objections, or otherwise object to the procedural irregularity. Therefore, the trial court did not err when it addressed the merits of the statute of limitations issue. *See id.* Accordingly, we turn to the merits of Appellant's claims.

Appellant's claims concern the trial court's calculation of the statute of limitations. The standard of review for issues involving the interpretation of a statute of limitations is *de novo* and the scope of review is plenary. *Erie Ins. Exch. v. Bristol*, 643 Pa. 709, 721 n.13, 174 A.3d 578, 585 n.13 (2017) (citation omitted).

In his first issue, Appellant argues the trial court erred when it took judicial notice of the docket in the 2015 action to decide that action was terminated on July 10, 2017, when the Appleton Defendants filed a *praecipe* for discontinuance. Appellant asserts that the last entry in the docket of the

2015 action was the "Discontinuance" filed on July 10, 2017. Appellant claims there is no record that the Clerk of Judicial Records ever gave written notice of the discontinuance to the parties. Appellant insists that he was not served with notice of the discontinuance, and the trial court should have calculated the statute of limitations based on when Appellant discovered the discontinuance.[4] (Appellant's Brief at 15-17). We disagree.

A claim for wrongful use of civil proceedings is subject to a two-year statute of limitations. *See* 42 Pa.C.S.A. § 5524(1). As our Supreme Court has explained:

> In Pennsylvania, a cause of action accrues when the plaintiff could have first maintained the action to a successful conclusion. Thus, we have stated that the statute of limitations begins to run as soon as the right to institute and maintain a suit arises.... Once a cause of action has accrued and the prescribed statutory period has run, an injured party is barred from bringing his cause of action.

*Fine v. Checcio*, 582 Pa. 253, 266, 870 A.2d 850, 857 (2005) (citations omitted). *See also Buchleitner v. Perer*, 794 A.2d 366, 376 (Pa.Super. 2002), *appeal denied*, 570 Pa. 680, 808 A.2d 568 (2002) (stating: "Pennsylvania law makes clear that a cause of action for wrongful use of civil

___

[4] In the second amended complaint, Appellant averred that "[o]n or about July 10, 2017, the Appleton Defendants, through their counsel, the [Mulcahey] Defendants filed a *Praecipe* for Discontinuance, with prejudice. The *Praecipe* for Discontinuance did not include a Certificate of Service. Further, [Appellant] was not served or otherwise received the *Praecipe* for Discontinuance." (Second Amended Complaint, 1/8/20, at ¶ 41). Notably, Appellant does not indicate on what date he allegedly discovered that the discontinuance order had been entered.

proceedings does not accrue until the right of action is complete"). For the purposes of a wrongful use of civil proceedings claim, the date of accrual is generally the date of final termination of the allegedly wrongful proceedings. *Id.*

Further, this Court has held that "[i]t is appropriate for a court to take notice of a fact which the parties have admitted or which is incorporated into the complaint by reference to a prior court action." ***220 P'ship v. Philadelphia Elec. Co.***, 650 A.2d 1094, 1097 (Pa.Super. 1994) (citations omitted). ***See also d'Happart v. First Commonwealth Bank***, 282 A.3d 704, 717 (Pa.Super. 2022) (holding that "trial court could take judicial notice of [a]ppellants' bankruptcy petition and the discharge order"); ***Bykowski v. Chesed, Co.***, 625 A.2d 1256, 1258 (Pa.Super. 1993) (explaining that court has right to take judicial notice of public documents).

Here, Appellant contends that the trial court erred in taking judicial notice of the date of termination of the 2015 action. He concedes that the docket in that matter indicates that a *praecipe* for discontinuance was filed on July 10, 2017. The *praecipe* for discontinuance was followed by an order entered by the Clerk of Judicial Records discontinuing the matter on that date. Appellant insists, however, that the docket does not indicate that the clerk issued notice of this order in accordance with Pennsylvania Rule of Civil Procedure 236. Therefore, he claims the trial court erred in taking judicial notice of the discontinuance because the docket itself does not demonstrate

that the discontinuance order was served upon all parties.

Notably, notwithstanding the phrasing of Appellant's issues presented on appeal, Appellant does not actually aver that he did not receive notice of the discontinuance on this date, nor does he attempt to establish an alternative date upon which the 2015 action was terminated.[5] In any event, to state a claim for wrongful use of civil proceedings, Appellant must establish that the earlier proceeding was **terminated** in his favor. ***Buchleitner, supra*** at 376; 42 Pa.C.S.A. § 8351(a)(2). Here, Appellant insists on the one hand that the trial court must find that the 2015 action was terminated in his favor in order to satisfy the essential elements of his claim; but on the other hand, Appellant claims the trial court could not have taken judicial notice of the discontinuance order, without providing any alternative date on which the 2015 action allegedly terminated in Appellant's favor. In other words, if we accept Appellant's position that the 2015 action was somehow not final based on the alleged lack of Rule 236 notice concerning the discontinuance order, then Appellant would be unable to satisfy an essential element of his claim

_____

[5] During oral argument on this issue before the trial court, the parties discussed whether the discovery rule should apply and toll the statute of limitations until such time when Appellant "discovered" the discontinuance order in the 2015 action. Appellant does not argue to this Court that we should apply the discovery rule, rather in his reply brief, he specifically suggests that this Court should "refrain from wading into these issues for the first time on appeal." (Appellant's Reply Brief at 5). In light of Appellant's position and his failure to suggest an alternative date upon which he discovered the discontinuance order, we decline to address whether the discovery rule tolled the statute of limitations in this matter.

that the underlying matter terminated in his favor.

Under these circumstances, we cannot afford Appellant relief. The second amended complaint incorporated the docket from the 2015 action including the date of the discontinuance order in Appellant's attempt to satisfy the "termination" element of his instant cause of action. We see no error by the court in taking judicial notice of the 2015 docket to decide the relevant date for termination of the 2015 action.[6] **See 220 P'ship, supra** at 1097; **see also Bykowski, supra** at 1258 n.1. Therefore, Appellant's first issue is meritless.

In his second issue, Appellant argues that the court should have calculated the statute of limitations from the date when the appeal period expired following discontinuance of the 2015 action. Appellant asserts that Bansley was aggrieved by the court's order sustaining Appellant's preliminary objections to Bansley's crossclaim, which Appellant maintains was interlocutory at the time, but became appealable upon entry of the

_____

[6] Arguably, all claims against Appellant in the 2015 action were actually terminated in Appellant's favor **prior to** entry of the discontinuance order. Specifically, the court sustained Appellant's preliminary objections to the Appleton Defendants' 2015 complaint on April 15, 2016, dismissing Appellant from the original cause of action; and sustained Appellant's preliminary objections to Bansley's crossclaim on December 12, 2016, dismissing Appellant from the crossclaim action. Thus, while the 2015 action terminated against **Bansley** on the date of discontinuance, the proceedings against Appellant resolved even earlier. As our disposition remains the same regardless of whether we use the December 12, 2016 or July 10, 2017 date, we need not decide which date is operative to render Appellant's instant claims time-barred by the statute of limitations.

discontinuance. Appellant claims the court should have found that the 2015 action was not terminated on the date that the court entered the discontinuance order, but rather thirty days thereafter. We disagree.

Under Pennsylvania law, a statute of limitations period begins to run as soon as the right to institute suit arises. "A statute of limitations does not toll while a plaintiff 'pursue[s] post-trial remedies' or 'while an appeal of the underlying action [is] pending.'" ***Kelly v. Carman Corp.***, 229 A.3d 634, 648 (Pa.Super. 2020) (quoting ***Robbins & Seventko Orthopedic Surgeons, Inc. v. Geisenberger***, 674 A.2d 244, 248 (Pa.Super. 1996)).

Consequently, we must reject Appellant's argument that the trial court should have calculated the statute of limitations 30 days after entry of the discontinuance when the "appeal period" expired.[7] Here, 2015 action was terminated on July 10, 2017, the date of the discontinuance. The statute of limitations of the instant case accrued on this date and was not tolled by any potential appeal period. ***Fine, supra***; ***Kelly, supra***. Accordingly, Appellant's second issue merits no relief, and we affirm the order sustaining Appellees'

_____

[7] Although a discontinuance is not a final order from which an appeal may be taken, in a case where defendants have filed crossclaims, a discontinuance of plaintiff's claims in an action does not discontinue crossclaims filed by a defendant against another defendant. ***Bollard & Assocs., Inc. v. PA Assocs.***, 223 A.3d 698, 702 (Pa.Super. 2019); ***Motley Crew, LLC v. Bonner Chevrolet Co.***, 93 A.3d 474, 476 n.5 (Pa.Super. 2014), *appeal denied*, 628 Pa. 641, 104 A.3d 526 (2014). However, as discussed, even though the discontinuance may have left Bansley an avenue to appeal the denial of her crossclaim, the statute of limitations would not toll while an appeal was pending. ***See Kelly, supra***.

preliminary objections and dismissing Appellant's second amended complaint.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/2023